IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT LEE BRAUN, *et al.*, on behalf of himself and all others similarly situated, | : : : : | CASE NO. 2:19-cv-5050 |
| | : | JUDGE _____ |
| Plaintiffs, | : | |
| v. | : : | |
| | : | MAGISTRATE JUDGE _____ |
| COULTER VENTURES, LLC, *DBA* ROGUE FITNESS, | : : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.      Plaintiff Scott Lee Braun, on behalf of himself and all similarly situated individuals, bring this collective and class action against Defendant Coulter Ventures, LLC, dba Rouge Fitness, for monetary, declaratory, and injunctive relief due to their willful failure to compensate employees for all hours worked and the correct amount of overtime pay in violation of the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, *et seq.*, The Ohio Minimum Fair Wage Standards Act ["the Ohio Wage Act"], O.R.C. §§4111.01*., 4111.03 and 4111.10*, and the Ohio Prompt Pay Act ["the OPPA"] committed by only paying their non-exempt warehouse employees for the scheduled time they worked and not for tasks necessary to their primary job duties performed before and after their schedule.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §§1331 (federal question) and 1337(a) (statutory regulation of commerce) and 29 U.S.C. §216(b).

3.      This Court has supplemental jurisdiction over Plaintiff Scott Lee Braun's Ohio Wage Act and OPPA claims pursuant to 28 U.S.C. §1367.

4.      Venue in this Court is proper pursuant to 28 U.S.C. §1391 and S.D. Ohio Civ. R. 82.1(b) because Plaintiffs employed by Defendant in Ohio performed their job duties for Defendant in the Eastern District where Defendant regularly conducts business.

## PARTIES

5. Plaintiff Scott Lee Braun ("Plaintiff Braun" or "Named Plaintiff") began working for Defendant in its assembly department on September 27, 2019, he later was moved to the warehouse department as a picker on October 15, 2019 and is currently employed in that department as of the filing of this complaint. Plaintiff Braun is a resident of Columbus, Ohio (Franklin County). His consent to join as a plaintiff is attached as **Exhibit A**.

6. At all times material to this Complaint, Defendant Coulter Ventures, LLC, *dba* Rouge Fitness ("Defendant"), was an Ohio limited liability company that manufactures and supplies fitness equipment locally and around the world. Its headquarters are in Columbus, Ohio (Franklin County) and can be served through its registered agent, Kevin M. Mueller, Esq., 545 E. 5th Avenue, Columbus, OH 43201.

## DEFENDANT'S COMMON BUSINESS PRACTICES

7. Defendant adheres throughout its operations to the common business practice of requiring their non-exempt warehouse employees like the Plaintiff Braun and those similarly situated to him ("Named Plaintiff and Putative Plaintiffs"), to clock in before their shift up to thirty (30) minutes early and requires them to perform necessary and important tasks which are integral and indispensable to their principal activities during that time.

8. Warehouse employees clock in by holding up their ID badges to the time clocking device located at the front entryway of the building. Specifically, Defendant's common business practice requires non-exempt warehouse employees, after clocking in, to engage in tasks that were necessary and indispensable to their primary jobs duties which included, but was not limited to the following:

    A.    meet with their Team Leaders and/or Supervisors for their assignments/job locations, as they may work in a different area of the warehouse each day;

    B.    obtain their scanners, wrist bands, and handheld batteries for the scanners (often it takes a few additional minutes to find working batteries); and/or

    C.    obtain additional equipment, such as forklift or pallet jack ("lifts"), which is in a different area than the scanners and batteries.

9. When the bell rings at the start of the shift, Named Plaintiff and Putative Plaintiffs must be at their assigned workstation, fully equipped and ready to work. If they are not at their assigned workstation at the sounding of the bell, Defendant considers them late even though they clocked in prior to their shift.

10. Based on Defendant's common business practice, Named Plaintiff's and Putative Plaintiffs' compensation does not start until the bell rings. Defendant does not compensate Named Plaintiff and Putative Plaintiffs for the work performed prior to the scheduled start of their shift, despite Defendant requiring clock in upon beginning this pre-shift work.

11. As Pickers in the Warehouse Department, Named Plaintiff and Putative Plaintiffs spend their day completing orders they receive on their scanners which consists of moving throughout the warehouse "picking" merchandise to complete a customer's order.

12. Defendant's common business practice is to require Named Plaintiff and Putative Plaintiffs to accept and pick all orders received on their scanners through the end of the shift even if picking those orders make them work after their scheduled shift end time.

13. After Named Plaintiff and Putative Plaintiffs receive and complete their last order, they must: log out of their scanner; return it along with the batteries, to its docking station so it can charge; return any lift used to area where it was received and then walk to the time clock to clock out.

14. Defendant's common business practice is to only pay Named Plaintiff and Putative Plaintiffs until the end of their scheduled shift time and not to pay for any work performed after the end of their scheduled shift; even though they are still clocked in.

15. Named Plaintiff and Putative Plaintiffs are clocked into Defendant's time clocking system when all their work is being performed; however, Defendant willfully reduces the time logged and only pays them for the hours scheduled each day regardless of how much work is performed pre and post scheduled shift.

16. The amount of time the Named Plaintiff and Putative Plaintiffs work prior to their shift and after their shift does not vary significantly but is integral and indispensable to their

principal activity and involves more than seven (7) minutes before and seven (7) minutes after their shift.

17. Named Plaintiff and Putative Plaintiffs are not paid for performing the pre-shift and post-shift tasks that are integral and indispensable to their principal activity in violation of federal and state wage laws.

18. Defendant does not calculate, as part of the Named Plaintiff's and Putative Plaintiffs' workweek, the time they spend on the tasks integral and indispensable to their principal activity, pre-shift and post-shift in violation of federal and state wage laws.

19. Further, when the addition of the unpaid time is added to the Named Plaintiff's and Putative Plaintiffs' hours for the workweek, Defendant willfully fails to pay them for the additional time at one-and-one-half times (1.5) their regular rate in violation of federal and state wage laws.

20. At all times material to this Complaint, Defendant has known and recorded the amount of time the Named Plaintiff and Putative Plaintiffs spent on tasks that are integral and indispensable to their principal activity pre-shift and post-shift, but willfully failed to pay them in violation of federal and state wage laws.

21. The pre-shift and post-shift work performed by the Named Plaintiff and Putative Plaintiffs directly benefits by reducing the cost of labor for Defendant who willfully withholds compensation for that work from them.

22. The Named Plaintiff and Putative Plaintiffs are engaged in interstate commerce when they perform their job duties and when they perform tasks that are integral and indispensable to their principal activity pre-shift and post-shift.

23. The Named Plaintiff and Putative Plaintiffs are hourly employees.

24. Defendant employs both "exempt" and "non-exempt" employees and have characterized the Named Plaintiff and Putative Plaintiffs as "non-exempt."

25. The Named Plaintiff and Putative Plaintiffs are not in a job classification and do not perform job duties which are exempt from the mandate under the FLSA and/or the Ohio Wage Act to pay for all hours worked and/or overtime.

26.     As a direct and proximate result of Defendant's unlawful conduct, the Named Plaintiff and Putative Plaintiffs have suffered and will continue to suffer a loss of income.

27.     For the Named Plaintiff and all others similarly situated, the aggregate number of hours worked and not compensated, and overtime denied to them represents dollars that could be expended on meals, refreshments, travel expenses and/or consumer purchases or could be saved.

28.     For the Named Plaintiff and all others similarly situated, the aggregate amount of overtime denied to them represents time Defendants have required they dedicate to performing tasks integral and indispensable to their principal activity – picking merchandise from the warehouse to fulfill customer orders – thereby enriching Defendants by having work performed without paying for it.

## COLLECTIVE ACTION AND CLASS ALLEGATIONS

29.     Named Plaintiff brings this action on behalf of himself and all others similarly situated as a collective action for unpaid wages and overtime under the FLSA, 29 U.S.C. §216(b).

30.     The collective class, or Opt-In Class, which Named Plaintiff seeks to represent is composed of and defined as follows ["FLSA Collective Class"]:

> All current or former non-exempt warehouse employees employed during the past three years by Defendant who were paid from the beginning of their shift until the end of their shift despite being clocked in more than seven (7) minutes prior to their shift and/or remained clocked in more than seven (7) minute after their scheduled shift end time.

31.     Named Plaintiff brings the Ohio Wage Act and OPPA claims pursuant to Federal Rule of Civil Procedure 23 as a class action under Ohio law on behalf of the following class ["Ohio Rule 23 Class"]:

> All current or former non-exempt warehouse employees employed during the past three years by Defendant who were paid from the beginning of their shift until the end of their shift despite being clocked in more than seven (7) minutes prior to their shift and/or remained clocked in more than seven (7) minute after their scheduled shift end time.

32.     The FLSA Collective Class and the Ohio Rule 23 Class, as defined above, are so numerous that joinder of all members is impracticable.

33.     Named Plaintiff is a member of the FLSA Collective Class and the Ohio Rule 23 Class and his claims are typical of the claims of the members of the FLSA Collective Class and

the Ohio Rule 23 Class as defined; indeed, apart from the hourly rate and number of days worked, Named Plaintiff and the FLSA Collective Class and the Ohio Rule 23 Class are similarly situated in all material respects, including; the nature of the tasks that are integral and indispensable to their principal activity pre-shift and post-shift and the uniform policies and practices of Defendant in not paying for the time spent working.

34. Named Plaintiff will fairly and adequately represent the FLSA Collective Class and the Ohio Rule 23 Class and the interests of all members of the FLSA Collective Class and the Ohio Rule 23 Class.

35. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests that he has undertaken to represent on behalf of the FLSA Collective Class and the Ohio Rule 23 Class as Class Representatives; instead, their interests perfectly coincide with those of individuals similarly situated in all material respects.

36. Named Plaintiff retained competent and experienced class action counsel who can effectively represent the interests of the entire FLSA Collective Class and the Ohio Rule 23 Class.

37. Questions of law and fact that are common to the FLSA Collective Class and the Ohio Rule 23 Class predominate over any individual questions, specifically whether Defendant violated the FLSA and/or the Ohio Wage Act by omitting the time it takes to perform tasks that are integral and indispensable to their principal activity pre-shift and post-shift from its calculation of the hours Named Plaintiff and Putative Plaintiffs have worked.

38. In both the FLSA Collective Class and the Ohio Rule 23 Class there is a community of interest among the class members in obtaining appropriate relief, damages, and compensation for costs and fees incurred herein.

39. A collective action for the federal overtime claim and a Rule 23 class action for the Ohio overtime claim and OPPA claim are superior to other litigation methods (including individual litigation) for the fair and efficient adjudication of Named Plaintiff's and Putative Plaintiffs' claims as presented by this Complaint and will prevent undue financial, administrative, and procedural burdens on the parties and the Court.

40. Named Plaintiff and his counsel are not aware of any pending Ohio litigation on behalf of the FLSA Collective Class and the Ohio Rule 23 Class, as defined herein, or individual Class members related to these claims.

41. Because the damages sustained by individual members of the Class are modest compared to the substantial resources of Defendant and due to the costs of individual litigation, it will be impracticable for Class members to pursue individual litigation against Defendant in order to vindicate their rights, and individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its employees.

42. Named Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a FLSA Collective Class or a Rule 23 Class.

## COUNT I:
## FLSA Collective Action

43. All previous paragraphs are incorporated as though fully set forth herein.

44. By not paying for all hours worked and for not paying one-and-one-half times the regular hourly rate to Named Plaintiff and the putative FLSA Collection Class for hours worked in excess of forty hours each week when the time spent performing tasks that are integral and indispensable to their principal activity pre-shift and post-shift, Defendant violated the FLSA.

45. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## Ohio Rule 23 Class Action

46. All previous paragraphs are incorporated as though fully set forth herein.

47. By not paying for all hours worked and for not paying one-and-one-half times the regular hourly rate to Named Plaintiff and the Ohio Rule 23 Class for hours worked in excess of forty hours each week when the time spent performing tasks that are integral and indispensable to their principal activity pre-shift and post-shift, Defendant violated the Ohio Wage Act.

48. In violating the Ohio Wage Act and the OPPA, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act and OPPA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff and the Putative Plaintiffs are entitled to and pray for the following relief:

A. An order permitting this litigation to proceed as a representative action and a Rule 23 class action;

B. Prompt notice, pursuant to 29 U.S.C. §216(b), to all FLSA Collective Class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. With respect to Named Plaintiff and each Putative Plaintiff, compensatory damages in an amount equal to the difference between the time-and-a-half payments required under the FLSA and the Ohio Wage Act and the amount of compensation actually paid by Defendant;

D. Liquidated damages to the fullest extent permitted under federal and state law;

E. Costs and attorneys' fees to the fullest extent permitted under federal and state law;

F. Pre-judgment and post-judgment interest to the fullest extent permitted under federal and state law; and,

G. Such other relief as the Court deems fair and equitable.

Named Plaintiff Demands a Trial by Jury

Dated: November 18, 2019      Respectfully Submitted,

**BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP**

**By:** /s/*Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jessica R. Doogan (OH Bar No. 0092105)
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com

-and-

| | |
|---|---|
| **OF COUNSEL:**<br>Louis A. Jacobs (OH Bar No. 002101)<br>177 19th St., Apt. 9C<br>Oakland, CA 94612<br>Phone: (614) 203-1255<br>Facsimile: (510) 250-9007<br>LAJOhio@aol.com | **MARSHALL AND FORMAN, LLC**<br><br>By: *John S. Marshall*<br>John S. Marshall (OH Bar No. 0015160)<br>Helen M. Robinson (OH Bar No.0097070)<br>Edward R. Forman (OH Bar No. 0076651)<br>Samuel M. Schlein (OH Bar No. 0092194)<br>250 Civic Center Drive, Suite 480<br>Columbus, OH 43215<br>Phone: (614) 463-9790<br>Facsimile: (614) 744-2300<br>jmarshall@marshallforman.com<br>hrobinson@marshallforman.com<br>eforman@marshallforman.com<br>sschlein@marshallforman.com<br><br>*Counsel for Plaintiffs* |

# EXHIBIT A