UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT LEE BRAUN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 2:19-cv-5050 |
| | : | CHIEF JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| COULTER VENTURES, LLC DBA | : | |
| ROGUE FITNESS, *et al.*, | : | |
| | : | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Scott Lee Braun's Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) ("Motion for Conditional Certification"), (ECF No. 25), Defendants' Motion for Leave to File Sur-Reply (ECF No. 47), and Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 53).  All three motions are briefed and are ripe for disposition.  For the following reasons, Plaintiff's Motion for Conditional Certification is **DENIED AS MOOT**, Defendants' Motion for Leave to File Sur-Reply is **DENIED AS MOOT**, and Defendants' Motion for Partial Judgment on the Pleadings is **GRANTED**.

## I.     BACKGROUND

Mr. Braun has brought the present collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act"), and the Ohio Prompt Payment Act. Plaintiff seeks to recover unpaid wages stemming from Defendants' alleged common business

practices of: (1) requiring employees to perform integral, indispensable work before and after their paid shifts; and (2) paying employees a flat *per diem* rate rather than an hourly wage while they were working at off-site events, regardless of the number of hours worked each day. Mr. Braun alleges that these practices extended to non-exempt workers across all departments, including warehouse, customer service, and manufacturing. (ECF No. 14 ¶ 10). Mr. Braun moves this Court certify the following class:

> All current or former non-exempt employees in Defendants' warehouse, customer service, and/or manufacturing divisions and employed during the past three years who were paid from the beginning of their shift until the end of their shift despite being clocked in more than seven (7) minutes prior to their shift and/or remaining clocked in more than seven (7) minutes after their scheduled shift end time and/or who were paid a flat *per diem* amount while working at off-site events on behalf of Defendants regardless of the number of hours worked each day.

(ECF No. 25 at 1).

Mr. Braun worked in Defendants' assembly department from September 27, 2019 through October 15, 2019, and then in Defendants' warehouse department from October 16, 2019 through December 6, 2019. (ECF No. 25-1 at ¶ 2–3). Mr. Braun never worked in Defendants' customer service department, nor did he ever work an off-site event or receive compensation on a *per-diem* basis. Mr. Braun attested that while he was working as a Picker in the warehouse department, he and other non-exempt, hourly employees would clock in up to thirty minutes before their shifts began by holding up their ID badges to the time clocking device located at the front entryway of the facility. (*Id.* at ¶¶ 4–5). Mr. Braun describes the employees' mandatory, unpaid, pre- and post-shift work as follows:

> For warehouse positions the primary job duties included, but were not limited to: meetings with team leaders and supervisors for daily assignments or job location as work may be performed in a different area each day; obtaining scanners, wrist bands, and working batteries for the scanners; and obtaining additional equipment, such as forklift or pallet jack ("lifts"), which were located in a different area than the scanners and batteries. For manufacturing positions, the primary job duties included, but were not limited to: meetings with team leaders and supervisors for

2

>assignments; cleaning and preparing machinery to ensure its safe and efficient operations; and counting pieces of material required for work to be performed to ensure the requisite number had been provided. For customer service positions the primary job duties included but were not limited to: meeting with team leaders and supervisors for assignments and preparing the work area and equipment for efficient and effective processing of telephone and e-mail inquiries.

(ECF No. 25 at 6 (citing ECF No. 14 ¶ 10; ECF No. 25-1 ¶ 5–6; ECF No. 25-2 ¶¶ 9–10; ECF No. 25-4 at ¶¶ 34, 40)).

Mr. Braun alleges that employees were only paid for their scheduled shift times despite the facts that employees were already clocked in and Defendants' had knowledge that they were clocked in. (ECF No. 25-2 at ¶ 20). Employees were expected to be at their work stations and ready to work by the time their shift bell rang and their shift officially started. An employee who failed to be at their work station and prepared was subject to discipline and/or termination. (ECF No. 25-4 at ¶ 20; ECF No. 25-2 ¶ 16). Further, employees were required to complete all assignments even if doing so made them work beyond the shift's scheduled end time. (ECF No. 14 ¶ 13). After the shift bell signaled the end of the shift and employees finished their remaining tasks (if any), warehouse employees were required to perform such tasks as: logging out of their assigned scanner; returning it along with the batteries to a docking station for charging; returning any lifts used during the shift to a designated area; and then walking to the time clock to clock out. (*Id.* ¶ 16). Mr. Braun estimates that this takes all relevant employees approximately seven minutes to complete these tasks. (*Id.* ¶¶ 17, 20). Mr. Braun alleges that he and other employees were not compensated for this time.

In addition to pre- and post-shift work, Mr. Braun also alleges that some employees were paid a flat *per diem* rate rather than an hourly rate while working at off-site events on behalf of Defendants regardless of the number of hours worked each day. Declarant Robert Hessler attests that Defendants would compensate employees for hotel, travel, and meals, but the time spent

3

traveling to and from these events was not included in the total hours worked per week.  (ECF No. 25-4 at ¶¶ 11, 14, 19, 20).

## II. LAW AND ANALYSIS

Mr. Braun has moved for conditional class certification and court supervised notice for:

> All current or former non-exempt employees in Defendants' warehouse, customer service, and/or manufacturing divisions and employed during the past three years who were paid from the beginning of their shift until the end of their shift despite being clocked in more than seven (7) minutes prior to their shift and/or remaining clocked in more than seven (7) minutes after their scheduled shift end time and/or who were paid a flat *per diem* amount while working at off-site events on behalf of Defendants regardless of the number of hours worked each day.

(ECF No. 25 at 1).  Defendants moved for leave to file a sur-reply to address arguments and evidence raised for the first time in Plaintiff's Reply to their Motion for Conditional Certification.  After briefing on those two motions concluded, Plaintiff filed a Second Amended Complaint adding additional named plaintiffs.  Defendants filed a Motion for Partial Judgment on the Pleadings for those claims pertaining to Defendants' alleged unlawful practice of paying employees a flat *per diem* rate for off-site events, regardless of the hours they actually worked.  The Court will address each of these motions in turn.

### A. Plaintiff's Motion for Conditional Certification

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b).  Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . .  An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

4

29 U.S.C. § 216(b).  As an initial matter, this Court must note that Plaintiff's Motion for Conditional Certification was filed on January 24, 2020 by the single plaintiff at that time, Scott Lee Braun. (ECF No. 25).  While that Motion was pending, Plaintiff moved for leave to file a Second Amended Complaint. (ECF No. 41).  The Second Amended Complaint added four additional named Plaintiffs and included additional details and allegations related to those new named Plaintiffs.  (*Compare* ECF No. 44 *with* ECF No. 14).  Defendants provided Notice to the Court that they did not oppose Plaintiff's Motion. (ECF No. 42).  Magistrate Judge Jolson granted the Motion for Leave to Amend on April 22, 2020 (ECF No. 43) and that Second Amended Complaint was docketed that same day.  (ECF No. 44).

When a Plaintiff is granted leave to file an amended complaint, that complaint supersedes the preceding complaint and becomes the "legally operative complaint" in the matter. *See, e.g.*, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *see also Scuba v. Wilkinson*, No. 1:06CV160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (noting that amended complaint superseded the original complaint and, as a result, motions relating to the original complaint were moot).  When the Motion for Leave to a Second Amended Complaint was granted on April 22, 2020 (ECF No. 43), the Second Amended Complaint superseded the First Amended Complaint as the legally operative complaint.  As a result, the pending Motion for Conditional Certification, which relies on the allegations contained in the First Amended Complaint and does not include the new named Plaintiffs, became moot. *See, e.g.*, *OnX USA LLC v. Sciacchetano*, No. 1:11CV2523, 2012 WL 2191206, at *1 (N.D. Ohio June 14, 2012) (denying plaintiff's pending motions for temporary restraining order and preliminary injunction as moot after granting leave to amend complaint, because they were filed in relation to the original, non-operative complaint); *Kissel v. Corvus Group*, No. 1:12 CV 390, 2012 WL 4322068, at *4 (N.D.

Ohio Sept. 20, 2012) (granting leave for plaintiff to file amended complaint in FLSA and directing that Plaintiff should file a renewed motion for class certification).

The pending Motion for Class Certification relates to a complaint that is no longer operative for the purposes of this litigation. Accordingly, the Plaintiff's Motion for Class Certification is **DENIED AS MOOT** and Plaintiff is directed to file a new Motion for Class Certification within 30 days, in light of the new operative complaint.

### B. Defendants' Motion for Sur-Reply

Because this Court has denied the original Motion for Class Certification as Moot, in light of the Court's motion granting leave to file an amended complaint on April 22, 2020 (ECF No. 44), Defendant's Motion for Sur-Reply is accordingly **DENIED AS MOOT**.

### C. Defendants' Motion for Partial Judgment on the Pleadings

#### 1. Rule 12(c) Standard of Review

Defendant brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice.  *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### 2. Analysis

On April 22, 2020, Plaintiffs Scott Braun, Robert E. Hessler, Allen D. Bishop III, Marcellus Murray and Larry Benn (collectively, "Plaintiffs") filed a Second Amended Complaint in which they assert a claim against Defendants for alleged off-the-clock work, as well as a claim for allegedly improperly paying certain employees on a per-diem basis while working at off-site events.  However, none of the Plaintiffs were actually subject to this allegedly unlawful pay practice during the statute of limitations period.  Plaintiffs Hessler and Benn are the only Plaintiffs who allege that they were ever paid on a per-diem basis, but they had not compensated in this manner since 2014 and 2016, respectively.  (ECF No. 44, 2d ¶¶ 7, 50).  As discussed above,

Plaintiffs' off-the-clock claims are founded on a separate and distinct legal basis than Plaintiffs' per-diem based claims.

It is essential that a plaintiff have standing for a court to consider their claims. *Solis v. Emery Fed. Credit Union*, No. 1:19-CV-387, 2020 WL 2319718, at *4 (S.D. Ohio May 11, 2020). Article III, § 2 of the U.S. Constitution limits federal jurisdiction to actual cases and controversies. To have standing, a plaintiff must be able to satisfy both Article III requirements and prudential standing requirements. *McGlone v. Bell*, 681 F.3d 718, 728–29 (6th Cir. 2012). One of Article III's requirements is that the plaintiff must have suffered and injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Prudential standing requires, among other things, that "a plaintiff must assert [her] own legal rights and interests, without resting on the rights or interests of third parties. *McGlone*, 681 F.3d at 729.

Here, Plaintiffs simply are not able to satisfy these requirements. The Second Amended Complaint's allegations, when taken as true, indicate that none of the named Plaintiffs has been compensated by Defendants on a per-diem basis during the statute of limitations period. As such, they have not suffered an injury in fact and any recovery on such claims would rest on the rights or interests of third parties. Because Plaintiffs lack standing to assert claims based on Defendants' allegedly unlawful practice of paying employees for off-site work on a per-diem basis, Defendants' Motion for Partial Judgment on the Pleadings is **GRANTED.**

### III.     CONCLUSION

Based on the foregoing, Plaintiff's Motion for Conditional Certification (ECF No. 25) is **DENIED AS MOOT,** based on the conditions set forth herein. Plaintiff may refile a Motion for Conditional Certification under the legal theories set forth in the Second Amended Complaint within 30 days of the date of this Order. Defendants' Motion for Sur-Reply (ECF No. 47) is now

**DENIED AS MOOT**, as this Motion is responsive to the now moot Motion for Conditional Certification (ECF No. 25).  Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 53) is **GRANTED.**

The Clerk shall **REMOVE** Documents 25, 47, and 53 from the Court's pending motions list.

IT IS SO ORDERED.

---
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 5, 2020**