IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCOTT LEE BRAUN, *et al.*, | ) CASE NO. 2:19-cv-05050-ALM-KAJ |
| Plaintiffs, | ) <br> ) JUDGE ALGENON L. MARBLEY |
| v. | ) <br> ) MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| COULTER VENTURES, LLC DBA ROGUE FITNESS, *et al.*, | ) <br> ) **DEFENDANTS' OPPOSITION TO** <br> ) **PLAINTIFFS' MOTION TO EQUITABLY** |
| Defendants. | ) **TOLL STATUTE OF LIMITATIONS** <br> ) |

Defendants Coulter Ventures, LLC dba Rogue Fitness, William Henniger and Caity Matter Henniger (collectively, "Defendants") hereby oppose Plaintiffs' Motion to Equitably Toll Statute of Limitations (Doc. 92). Although it is difficult to ascertain precisely what relief Plaintiffs request, it seems that they are asking this Court to toll the statute of limitations for an entire group of unknown and indeterminate people prior to conditional certification, by extending the period of time covered by Plaintiffs' proposed notice that would be sent to Rogue Fitness's employees. That request contradicts well-established legal authority—including the very case on which Plaintiffs primarily depend in their Motion.

**I.      Legal Standard**

As Plaintiffs concede, in this Court, the statute of limitations in an FLSA collective action runs from the date on which a court issues an order adjudicating a motion for conditional certification. *See, e.g., Rosenbohm v. Cellco P'ship*, No. 2:17-cv-731, 2018 WL 4405836, at *3 (S.D. Ohio Sept. 17, 2018); *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 878 (S.D. Ohio 2017). As this Court recently acknowledged, applying the period of limitations this way

> necessarily involves some lapse of time between the date on which a collective action is commenced and the date on which each opt-in plaintiff files his or her consent form and, despite this lapse, Congress chose not to automatically toll the statute of limitations from the date on which the collective action was filed. . . . [T]he weight of authority within the Southern District of Ohio indicates the class

1

period should run from the date of an Order granting conditional certification and not the filing of this lawsuit.

*Bradford v. Team Pizza, Inc.*, No. 1:20-CV-00060, 2020 WL 5987840, at *3 (S.D. Ohio Oct. 9, 2020) (internal quotation marks omitted); *see also Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *7 (S.D. Ohio Feb. 26, 2015); *Baden–Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (explaining that the FLSA statute of limitations demonstrates Congress's "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint")).

This Court and the Sixth Circuit have long recognized that a plaintiff's request for equitable tolling "must necessarily be determined on a case-by-case basis." *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp. 3d 1063, 1077 (S.D. Ohio. Mar. 17, 2016) (rejecting plaintiff's motion for equitable tolling for all putative plaintiffs in a collective action because "potential plaintiffs still have not opted into the lawsuit and they [were] not properly before the court"); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) ("A plaintiff bears the burden of demonstrating why he or she is entitled to equitably toll the statute of limitations in a particular case."). As another court within the Sixth Circuit has explained with respect to tolling a statute of limitations for absent opt-in plaintiffs in particular,

> the request of the original plaintiffs that the court declare the statute of limitations be equitably tolled on behalf of absent parties is not properly before the court and is therefore premature. . . . The statute of limitations is an affirmative defense which defendant has yet to assert with regard to the claims of any opt-in plaintiff. If and when that defense is asserted, the burden will be on each opt-in plaintiff to demonstrate facts satisfying the Sixth Circuit's requirements for the application of the doctrine of equitable tolling. In the case's present posture, the entire question is hypothetical and is raised by plaintiffs who have no personal interest in the outcome. It must be remembered that a collective action under the FLSA is not a certified Rule 23 class action, and that the original plaintiffs accordingly do not represent absent parties. . . .

2

> It is impossible to discern how a party who has not yet appeared in the case can bear his burden to prove anything, or how the wholesale declaration that a group of absent parties have all been diligent is a careful exercise of equitable discretion. The far safer course, and the one required by the case-by-case approach dictated by the Sixth Circuit, is to allow each plaintiff to opt-in, assert his or her claims, and then address the statute of limitations defense (if and when raised) on the basis of the facts peculiar to that plaintiff.

*Jesiek v. Fire Pros, Inc.*, No. 1:09-CV-123, 2011 WL 2457311, at *2 (W.D. Mich. June 16, 2011) (citations omitted).

The Sixth Circuit has further repeatedly admonished that district courts should grant equitable tolling of a statute of limitations sparingly and only where extraordinary circumstances are present. *See, e.g., Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir. 2001); *Dunlap v. U.S.,* 250 F.3d 1001, 1008-09 (6th Cir. 2001). Consistent with those precedents, this Court has stated that "[a]lthough equitable tolling may be justified in rare instances, it is an extraordinary remedy to be applied sparingly." *Atkinson*, 2015 WL 853234, at *7. See also *Amini*, 259 F.3d at 500 (holding that tolling of statute of limitations should be "granted only sparingly" and typically only when the opposing party has "engaged in . . . misrepresentations or other wrongdoing."). The decision whether to toll a period of limitations is guided by five factors: (1) lack of notice of the filing requirement (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the reasonableness of the plaintiff remaining ignorant of the particular legal requirement. *Truitt*, 148 F.3d at 648. A plaintiff bears the burden to demonstrate why he or she is entitled to equitable tolling of the statute of limitations. *Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010).

Given the fact-specific nature of the inquiry, it is not surprising that the vast weight of authority in the Southern District of Ohio declines to equitably toll the period of limitations prior to the grant of conditional certification or the identification of class members. *E.g., Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1075 (S.D. Ohio 2019) ("District Judges

3

within this Circuit regularly conclude that equitable tolling is improper when potential opt-in plaintiffs *have not yet been identified or notified*. . . . The Court cannot properly apply the *Truitt* five-factor analysis to the claims of plaintiffs not yet before the court.") (emphasis in original.)

Not only did the Court recently reaffirm that a statute of limitations applies to an opt-in plaintiff when such individual files a consent form with the Court, but the Court also recently addressed the scope of the time period that encompasses employees, *i.e.,* potential opt-in plaintiffs, who may receive a notice of the FLSA collective action:

> The parties also dispute the temporal scope of the notice, *i.e.,* whether the notice should be sent to employees who worked for the defendant three years prior to the date of the filing of the lawsuit or three years prior to the date of any decision conditionally certifying the class. While "courts in th[e] [Sixth] Circuit have mixed results in determining when the statute of limitations begins to run for opt-in plaintiffs," *Adams v. Wenco Ashland, Inc*., No. 1:19-cv-1544, 2020 WL 2615514, at *7 (N.D. Ohio May 22, 2020) (collecting cases), the weight of authority within the Southern District of Ohio indicates the class period should run from the date of an Order granting conditional certification and not the filing of this lawsuit. *See Rosenbohm*, 2018 WL 4405836, at *3; *Hamm*, 275 F. Supp. 3d at 8783; *Myers*, 201 F. Supp. 3d at 897 n. 5 (*citing Crescenzo v. O-Tex Pumping, LLC*, No. 1:15-cv-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016); *Atkinson*, 2015 WL 853234, at *3). Therefore, the notice to putative class members should run from the date of any order adopting the undersigned's recommendation.

*Bradford v. Team Pizza, Inc*., No. 1:20-CV-60, 2020 WL 3496150, at *6 (S.D. Ohio June 29, 2020), report and recommendation adopted, No. 1:20-CV-00060, 2020 WL 5987840 (S.D. Ohio Oct. 9, 2020). The Court further explained:

> In the event the claims of opt-in class members may be subject to equitable tolling, the Court may later decide whether equitable tolling is warranted for these putative class members. Equitable tolling is an issue to be determined on a case-by-case basis after the putative class member has filed written consent to join the action.

*Id*. at *6 n.4 (citing *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842 (S.D. Ohio 2013) (postponing until after the putative class was conditionally certified to consider plaintiffs' motion for equitable tolling of limitations period for putative class members whose claims would otherwise be time-barred); *Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11CV759, 2013 WL

4

5177184, at *1 (S.D. Ohio Sept. 12, 2013) (same); *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1046 (S.D. Ohio 2018); *Richert v. LaBelle HomeHealth Care Serv. LLC*, No. 2:16-cv-437, 2017 WL 4349084, at *6-7 (S.D. Ohio Sept. 29, 2017)); *see also Lemmon v. Harry & David Operations, Inc.*, No. 2:15-CV-779, 2016 WL 234854, at *8 (S.D. Ohio Jan. 20, 2016) (denying plaintiff' motion to toll statute of limitations; "The Court is aware that ten months have lapsed since Plaintiffs initially sought conditional certification and the date of this order. . . . However, under *Truitt*, this determination must be made on a case-by-case basis at a later juncture. The Court is not prepared to cast an extraordinary net extending the rights of putative plaintiffs when there is little to no specific information before the Court regarding their individual circumstances.").

In brief, these legal principles are not novel. Nor are they novel to Plaintiffs' counsel, as this Court also recently denied a motion to toll the statute of limitations filed by Plaintiffs' counsel in another case. In *Brittmon*, 285 F. Supp. 3d at 1046, a case brought by one of Plaintiffs' attorneys, Judge Watson ruled:

> The Undersigned agrees with the vast majority of cases in this circuit that have declined to apply equitable tolling at this stage of the litigation. Applying equitable tolling to the claims of unknown plaintiffs not yet before this Court contravenes the fact-specific, case-by-case determination that specific circumstances justify the tolling of an individual plaintiff's claims. That is, without having information about the potential plaintiffs whose claims the Court is being asked to toll, the Court is unable to determine whether those potential plaintiffs lacked actual or constructive notice of the filing requirement, diligently pursued their rights, or were reasonably ignorant of the legal requirements of their claims. As *Atkinson* put it, "[a]pplication of the [*Truitt*] five factors to a group of potential opt-in plaintiffs, who have not yet received notice of the collective action and are not yet parties to the lawsuit, [would be] convoluted at best."

*Id.* (*citing Atkinson*, 2015 WL 853234, at *9.)

**II.     Argument**

In this case, there is no reason for the Court to diverge from its well-established practice in FLSA collective actions of not tolling either the statute of limitations and/or the time period covered by the notices to be issued to potential opt-in plaintiffs. Indeed, the very case on which

5

Plaintiffs primarily rely, *Betts v. Central Ohio Gaming Ventures, LLC*, discussed these principles at length and only departed from them because, in that case, conditional certification had already been granted and tolling could be applied to specific individuals. *Betts*, 351 F. Supp. 3d at 1075 (discussing *Brittmon* and *Richert* and observing, "[h]owever, in the present case, this Court has already granted Plaintiffs' request for conditional class certification. Class members received notification of the collective action, and over 150 plaintiffs returned their consent to op-in to the lawsuit").

That is not the case here. Here, the Court has not granted conditional certification. Thus, any potential opt-in plaintiffs are "hypothetical," and are not "currently before the court as parties to the action." *Id*. Thus, it is "premature to rule on a motion for equitable tolling at this stage of the case." *Id*.

Even setting aside the fact that Plaintiffs' legal argument lacks merit, the facts of this matter offer no basis for equitable tolling. Plaintiffs' second Motion for Conditional Certification was fully briefed on December 1, 2020, the day Plaintiffs filed their Reply. (*See* Doc. 66.) It has been approximately seven months since then. This amount of time is by no means whatsoever an "excessive delay." *See, e.g., Lemmon*, 2016 WL 234854 at *8 (denying motion to toll statute of limitations where plaintiffs' motion for conditional certification was decided ten months after it was filed). The only delay at all relating to Plaintiffs' Motion for Conditional Certification was of Plaintiffs' own doing, when their first Motion for Conditional Certification was denied as moot, because Plaintiffs chose to amend their Complaint. (See 10/5/20 Order (Doc. 60) at 4-6, PAGEID # 489 (denying Plaintiffs' first Motion for Conditional Certification as moot because the motion "relates to a complaint that is no longer operative for purposes of this litigation").)

Plaintiffs attempt to avoid the consequences of their own decisions in this case by speculating—without any evidence at all—that the Court has taken an undue amount of time to

6

adjudicate their Motion for Conditional Certification because of Covid-19. (Pls.' Mot. (Doc. 92) at 1, PAGEID # 924.)  Not only did Plaintiffs fail to provide any evidence to support this position, but their unsubstantiated argument that statutes of limitations should be extended because the Court has been burdened by Covid-19 would mean that the statute of limitations for every case should be extended; presumably, Covid-19 has burdened the Court's management of every case on its docket. In fact, Covid-19 has been impacting *every* court's ability to manage *every* case in the country for over a year, and yet Plaintiffs failed to cite a single case—let alone a comparable FLSA collective action—in which any court agreed to toll the statute of limitations because of Covid-19.  There is no reason for this Court—and this case—to be the first.

Plaintiffs also claim that they are requesting that the statute of limitations be tolled "so that opt-in plaintiffs who would not otherwise have known about their rights or even this lawsuit are not unfairly foreclosed by the two/three years FLSA statute of limitations." (Pls.' Mot. (Doc. 92) at 1, PAGEID # 924.) However, this Court has expressly rejected this argument. *See Brittmon*, 285 F. Supp. 3d at 1046 ("[W]ithout having information about the potential plaintiffs whose claims the Court is being asked to toll, the Court is unable to determine whether those potential plaintiffs lacked actual or constructive notice of the filing requirement, diligently pursued their rights, or were reasonably ignorant of the legal requirements of their claims."); *see also Archer v. Sullivan Cty., Tenn.*, 129 F.3d 1263 (table), 1997 WL 720406, at *4 (6th Cir. 1997) ("The plaintiffs knew that they were not receiving any overtime pay – and that knowledge constituted knowledge of facts triggering the accrual of a cause of action."); *Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd.*, 246 F. Supp. 2d 886, 904 (S.D. Ohio 2003) (finding the plaintiffs had knowledge of potential overtime claims); *Claeys v. Gandalf Ltd.*, 303 F. Supp. 2d 890, 896-97 (S.D. Ohio 2004) (refusing to toll overtime claims under the FLSA where the plaintiff was, or should have been, aware of his claims); *Smith v. BNSF Ry. Co.*, 246 F.R.D. 652, 655 (D. Kan.

7

2007) (finding actual notice under the Sixth Circuit's test where the plaintiffs "were aware that they would not be paid for [time passing through security] before the statute of limitations expired").

Similarly, Plaintiffs claim that the statute of limitations should be tolled because some opt-in plaintiffs may "read the notice and not even try to opt in. Those with only a few months on or after that day would likely not bother, and only those with a longer period would be tempted to opt in." (Pls.' Mot. (Doc. 92) at 5, PAGEID # 928.) Yet again, this argument can be rejected out of hand. All statutes of limitations have end dates, and that is precisely the point of such limitations periods, *i.e.,* to bar individuals whose claims are untimely. The fact that some employees may have claims with greater periods of time within the statute of limitations than others occurs in every case, regardless of when the statute of limitations begins or ends. As the United States Supreme Court has explained,

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980), "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Therefore, any extension or tolling of the limitations period on this basis is also not warranted.

Plaintiffs further claim that tolling "is particularly appropriate for FLSA cases, where Congress envisioned relatively small claims being pursued upon notice about a pending statutory class lawsuit." (Pls.' Mot. (Doc. 92) at 3, PAGEID # 926.) However, Plaintiffs did not cite any legal authority for this assertion, and—like Plaintiffs' other arguments—this argument has also been expressly rejected by this Court. *See Bradford*, 2020 WL 5987840 at *3 ("[T]the opt-in mechanism of the FLSA necessarily involves some lapse of time between the date on which a collective action is commenced and the date on which each opt-in plaintiff files his or her consent

8

form and, ***despite this lapse, Congress chose not to automatically toll the statute of limitations from the date on which the collective action was filed***.") (emphasis added.)

Plaintiffs also claim that "in situations where court delay has time-barred a sizable number of potential plaintiffs, many courts find that the delay alone warrants equitable tolling and decline to analyze the typical equitable tolling factors." (Pls.' Mot. (Doc. 92) at 4, PAGEID # 927 (*quoting Betts*, 351 F.Supp.3d at 1077).) However, *Betts* is materially distinguishable from the case at bar: In *Betts*, the opt-in plaintiffs were already known, whereas there is no evidence or information of a "sizeable number of potential plaintiffs" potentially being excluded in this case, and the plaintiffs in *Betts* did not request to extend the length of the time period for employees to receive the notice, as Plaintiffs have requested in their Motion.

Notwithstanding anything decided in *Betts*, this Court has most recently rejected the type of relief requested by Plaintiffs. See *Bradford*, 2020 WL 3496150 at *6 ("The parties also dispute the temporal scope of the notice, *i.e.,* whether the notice should be sent to employees who worked for the defendant three years prior to the date of the filing of the lawsuit or three years prior to the date of any decision conditionally certifying the class. . . . [T]he notice to putative class members should run from the date of any order adopting the undersigned's recommendation.").

Not only is there no basis for Plaintiff's request to extend the time period for the notice to potential plaintiffs, doing so would impose an undue burden on Defendants and on the Court, as well as on Plaintiffs themselves. If Plaintiffs' Motion is granted and the time period for the notice is extended, it would by definition invite potential plaintiffs whose claims are time-barred to join this action. Defendants would be prejudiced by any tolling of the statute of limitations because "[tolling] would expose them to claims that accrued" prior to the statutorily mandated expiration of the FLSA's limitations period. *Smith*, 246 F.R.D. at 655. Tolling would also extend the back pay liability period for persons who are not currently parties to the lawsuit, to an arbitrary date

9

established by attorneys and litigants who do not represent them. "Statutes of limitations 'protect important social interests in certainty, accuracy, and repose' and should not be trivialized by 'promiscuous application of tolling doctrines.'" *Archer*, 1997 WL 720406, at *4 (*quoting Cada v. Baxter Healthcare Corp*., 920 F.2d 446, 453 (7th Cir.1990)).

Expanding the timeframe for any notice to be issued, as Plaintiffs request in their Motion, would also eliminate the presumption that opt-in plaintiffs have claims that are timely (because, in the normal course, the only individuals who would receive a notice in the first place are individuals who have claims within three years of a court's order granting conditional certification). Instead, extending the notice period will create the misimpression in an untold number of individuals that they may have timely claims, when in fact they do not. This misinformation will likely result in further needless motion practice as to whose claims are timely and whose are not. This is a burden without a reason, need, or cause.

In fact, *notwithstanding* Covid-19, nothing about this case or Plaintiffs' second Motion for Conditional Certification has been out of the ordinary, certainly not to warrant any tolling of the statute of limitations. To the contrary, granting Plaintiffs' Motion will artificially and arbitrarily establish a bright-line precedent of six months for courts to adjudicate significant issues, or else such courts will have to toll the claimants' applicable statute of limitations. Any such line would pose a serious disservice to the proper consideration of claims that are before the Court, and the Motion should be denied on this ground alone. *See, e.g., Woodard v. FedEx Freight E., Inc*., 250 F.R.D. 178, 194 (M.D. Pa. 2008) ("[C]ourts must be cautious about equitably tolling the FLSA limitations period especially where. . . there are no allegations of wrongdoing on the part of the defendant.").

### III.     Conclusion

In sum, there is no need for the Court to depart from so many of its prior holdings that motions to toll statutes of limitations should be granted sparingly, and even then, only on a case-by-case basis with respect to particular opt-in plaintiffs. For these reasons, Plaintiffs' Motion should be denied.

Respectfully submitted,

/s/ *Daniel L. Messeloff*
Daniel L. Messeloff (0078900) – Trial Attorney
Melissa Z. Kelly (0077441)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Telephone:   216.592.5000
Facsimile:    216.592.5009
E-mail:  daniel.messeloff@tuckerellis.com
            melissa.kelly@tuckerellis.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on July 1, 2021, a copy of the foregoing was filed electronically in the Court's CM/ECF system. Electronic notice of this filing will be sent to all parties by operation of the Court's system.

/s/ *Daniel L. Messeloff*
Attorney for Defendants
