# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## COLUMBUS DIVISION

| | |
|---|---|
| **SCOTT LEE BRAUN,** <br> **Individually and on behalf** <br> **of all others similarly situated,** | § <br> §     **Civil Action No. 2:19-CV-05050-ALM-KAJ** <br> § <br> § |
| *Plaintiff,* | § <br> § <br> §     **COLLECTIVE ACTION** |
| **v.** | §     **PURSUANT TO 29 U.S.C. § 216(b)** <br> § |
| **COULTER VENTURES, LLC d/b/a** <br> **ROGUE FITNESS, et al.,** | § <br> § <br> § |
| *Defendants.* | § <br> § |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release is entered into by and between Named Plaintiffs, Scott L. Braun, Robert E. Hessler, Alen D. Bishop, Marcellus Murray and Larry Benn, individually and on behalf of all current Opt-In Plaintiffs Members and the putative Second Notice Opt-In Plaintiffs and Defendants, Coulter Ventures, LLC d/b/a Rogue Fitness, William Henniger and Caity Henniger.

## I. DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A. "**Action**" means the consolidated civil action in the United States District Court for the Southern District of Ohio, Columbus Division titled *Braun, et al. v. Coulter Ventures, LLC, d/b/a Rogue Fitness, et al.*, Case No. 2:19-CV-05050-ALM-KAJ.

B. "**Back Wages**" are six hundred and thirty-nine thousand three hundred and fifty-three dollars and sixty-one cents (639,353.61), as set forth in Paragraph 3(a), below.

C. "**Complaint**" shall mean the Complaint filed in the Action on November 18, 2019, and all subsequent amendments thereto, including but not limited to the Second Amended Collective/Class Action Complaint filed by Plaintiffs on April 20, 2020.

D. "**Conditional Collective Members**" means the ninety-nine (99) individuals currently Opted into this Action ("**Original Opt-In Plaintiffs**") and the putative Second Notice Opt-In Plaintiffs who submit a timely consent to join this lawsuit.

E. "**Collective Counsel**" are Bob DeRose, Esq. of Barkan Meizlish DeRose Cox, LLP and John S. Marshall, Esq. of Marshall Forman & Schlein, LLC.

F. "**Collective Counsel Payment**" means the amounts to be paid to Collective Counsel for attorneys' fees and costs, as approved by the Court, to compensate Collective Counsel for their legal work in connection with the Action, including their pre-filing investigation, their filing of the Action, all related litigation activities, all Settlement work, all post-Settlement compliance procedures, and related litigation costs billed in connection with the Action, including the services provided by partners, associates, legal counsel, paralegals, and law clerks in their firms.

G. Collective **Representatives**" or "**Named Plaintiffs**" means Scott L. Braun, Robert E. Hessler, Alen D. Bishop, Marcellus Murray, and Larry Benn.

H. "**Collective Tolling Period**" means, with respect to the FLSA claims only, three years prior to March 21, 2021 or three years prior to the date a Collective Member filed their Notice of Consent to join this Action, whichever date creates a larger window of recovery.

I. "**Court**" means the United States District Court for the Southern District of Ohio, Columbus Division.

J. "**Defendants**" means Coulter Ventures, LLC d/b/a Rogue Fitness, William Henniger and Caity Henniger.

K. "**Defendants' Counsel**" means Drew Campbell, Esq., Michael Roberts, Esq., and Alexandra Berry, Esq., of Bricker Graydon, LLP, and Melissa Kelly, Esq. of Tucker Ellis, LLP.

L. "**Discovery Collective Members**" means the Original Opt-In Plaintiffs Eric Abbott, Tijuanna R. Justiniani, Loren Morgan, Tjuan Peoples, Yvette Faison, Rasheeda Williams, Tabrajah Beacham, and Edward Yancy who sat for their depositions.

M. **"Eligible Settlement Class Members"** means those persons who were employed by Rogue during the Recovery Period and who meet the requirements set forth in Paragraph 3(a), below.

N. "**Parties**" shall mean the Collective Representatives and the Defendants.

O. "**Recovery Period**" means November 16, 2016 through March 31, 2021.

P. "**Released Claims**" has the meaning set forth in Paragraph 8(a) of this Agreement.

Q. "**Released Parties**" has the meaning set forth in Paragraph 8(a)of this Agreement.

R. "**Settlemen**t" or "**Agreement**" shall mean this Joint Stipulation of Settlement and Release.

S. "**Settlement Administrator**" shall mean IYLM Group or another third-Party administrator on which the Parties may subsequently agree.

T. "**Service Award for Collective Representatives**" means the service payments made to Named Plaintiffs, Scott L. Braun, Robert E. Hessler, Alen D. Bishop, Marcellus Murray and

Larry Benn, in order to compensate them for initiating the Action, performing work in support of the Action, undertaking the risk of liability for Defendants' expenses in the event the Named Plaintiff was unsuccessful in the prosecution of the Action, and for assisting in discovery and the settlement negotiations; and for the general release of all claims by the Named Plaintiffs.

U. "**Service Award for Discovery Collective Members**" means the service payments made to Eric Abbott, Tijuanna R. Justiniani, Loren Morgan, Tjuan Peoples, Yvette Faison, Rasheeda Williams, Tabrajah Beacham, and Edward Yancy, in order to compensate them for assisting in discovery and for the general release of all claims by the Named Plaintiffs.

V. "**Settlement**" means the disposition of the Action and all related claims effectuated by this Agreement, including approval of the Agreement by the Court and dismissal of the Action with prejudice.

W. "**Settlement Amount**" means one million five hundred band eighty-one thousand one hundred and ten dollars and sixty-two cents ($1,581,110.62), inclusive of attorney fees, costs, service awards, and administrative expenses, as specifically described in Paragraph 3 of this Agreement.

## II.   RECITALS AND BACKGROUND

A. On November 18, 2019, Named Plaintiffs filed this hybrid Collective/Class Action lawsuit in the United States District Court for the Southern District of Ohio, Columbus Division, captioned entitled *Braun, et al. v. Coulter Ventures, LLC, d/b/a Rogue Fitness, et al.*, Case No. 2:19-CV-05050-ALM-KAJ. In the Action, Named Plaintiffs asserted the following claims:

  i. Defendants improperly rounded the hourly employees' time in the warehouse and manufacturing departments and did not pay for work performed before and after their shift;

  ii. Defendants improperly rounded some of the hourly employees' time in the warehouse and manufacturing departments time around their lunch and improperly deducted 30 minutes from their pay; and,

  iii. Defendants' alleged failure to pay wages violated Ohio common law.

B. Defendants have denied and continue to deny all of the claims in the Action and deny any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and the classes. Defendants further state that they have policies and procedures to ensure that all hourly employees in the Warehouse and Manufacturing departments are paid for all time worked.

C. Named Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Further, they believe that the Action is meritorious based on alleged individual violations of Ohio wage laws. Defendants deny the merits of the Action and deny that collective treatment is appropriate.

D. On August 30, 2022, the Parties attended mediation with mediator, Elizabeth A. Callan, Esq. At mediation, the Parties failed to reach an agreement.

E.  On March 9, 2023, while attending the Scheduling Conference with Magistrate Judge Jolson, the Parties reached agreement in principle on some terms of this Settlement. The Parties continued negotiating with the assistance of Ret. Magistrate Judge Kemp on April 18, 2023, and, on May 10, 2023, agreed to the terms presented herein.

F.  It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Collective Recovery Period.

G.  Collective Counsel represents that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendants, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, extensive litigation, including thirteen (13) depositions and motions practice, Collective Counsel is of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interest of the Collective Members in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendants also carefully considered the risks and potential costs of continued litigation of the Action, on the one hand, and the benefits of the proposed settlement, on the other hand, and desire to settle the Action upon the terms and conditions set forth in this Agreement. Defendants agree that the Settlement is fair, adequate and reasonable.

H.  This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Collective Members' claims in the Action have merit or that Defendants have liability to Named Plaintiffs and the Collective Members on any of those claims.

Based upon these Recitals that are a part of this Agreement, the Parties agree as follows:

## III.  SETTLEMENT TERMS AND CONDITIONS

1.  **Second Opt-In Notice.** Prior to settlement of this matter, the Court ordered a second notice be mailed out to the Original putative Opt-ins and a second group of putative opt-ins.

    a.  **Notice and Claim Procedures for the putative Second Notice Opt-In Plaintiffs**. No later than fourteen (14) days after the Court's Settlement Approval Order, Defendants will provide the Settlement Administrator with an Excel Spreadsheet listing the full names, last known addresses, email addresses, cell phone numbers[1], dates of hire, last dates worked within the Collective Recovery Period and whether they worked in the Warehouse or Manufacturing departments for the putative Second Notice Opt-in Plaintiffs ("Putative Second Notice Opt-in Plaintiffs List") listed in **Exhibit A.**

    b.  Within fourteen (14) days after receiving the information described in Paragraph III (1)(a), Settlement Administrator shall mail, via First Class United States mail, the Notice of Proposed Settlement to the putative Second Notice Opt-in Plaintiffs

---

[1] Plaintiffs will not call the Second Notice Opt-in Plaintiffs. Instead, the cell phone numbers will be used as a way to skip-trace the last known addresses as people change address while keeping their cell phone numbers.

("Second Notice") in the form attached as **Exhibit A** and the Consent to Join ("Second Consent to Join") in the form attached as **Exhibit B** (collectively, "the Collective Second Notice Packet"), to all putative Second Notice Opt-in Plaintiffs using each individual's last known address, and a return envelope addressed to the Claims Administrator. The putative Second Notice Opt-in Plaintiffs must return the Second Claim Form within sixty (60) days of the mailing date ("the Second Notice Period"). The Settlement Administrator shall stamp the receipt postmark date on the original of each Second Consent to Join that it receives and shall deliver copies of each Second Consent to Join to Collective Counsel and Defendants' Counsel not later than three (3) calendar days after receipt thereof. The Settlement Administrator shall, within three (3) business days of the end of the Second Notice Period, send a final list of all executed Second Consents to Join to Defendants' Counsel and Collective Counsel. Collective Counsel agrees to file with the Clerk of Courts, the Second Consent to Join within ten (10) business days of the end of the Second Notice Period.

c. Any putative Second Notice Opt-in Plaintiff may exclude themselves from the Settlement and any release of claims by not returning a timely Second Consent to Join.

2. **Dismissal of the Rule 23 Class allegations**. For purposes of this settlement the Collective Plaintiffs dismiss with prejudice the Rule 23 Class Allegations. The dismissal is conditioned on the Court approving this settlement. The putative Rule 23 Class members are not prejudiced by this dismissal as they were provided a second chance to join this lawsuit and participate in this settlement by virtue of the Second Notice. The Second Notice will include notice to the current and former employees who received notice originally but did not participate. The Notice will contain language advising the Conditional Collective Members that the dismissal of the Rule 23 allegations will stop any tolling of the applicable statute of limitations as to their Ohio Wage Claims.

3. **Settlement Amount:** The Settlement Amount will be comprised of the following:

a. Eligible Settlement Class Member Fund: $639,353.61 for Back Wages for the Eligible Settlement Class, which the parties calculate, based upon the time records of the 99 Conditional Collective Members (which include the Named Plaintiffs), an estimated 100% of the lawfully available unpaid overtime wages due Eligible Settlement Class Members, based upon the definition of the class set forth in the Court's Opinion and Order (Doc. 96) certifying a collective class in this action, and in addition, based upon those calculations, an estimated 100% of the lawfully available liquidated damages due Eligible Settlement Class Members.

   i. Eligible Settlement Class Members will receive for each day they worked from November 18, 2016 through March 31, 2021, (the "Recovery Period"),
      1. the actual number of minutes they clocked in after the end of their scheduled shift;
      2. the actual number of minutes they were clocked in after the end of their scheduled shift; and,
      3. When data for their lunch shows less than 30 minutes, Rogue will pay the difference between the actual and scheduled 30 minutes when the Settlement Class Member was not otherwise paid for lunch.

5

    ii.  If the Eligible Class Member's additional minutes do not put them over forty (40) hours in a week, then there will be entitlement to recovery for that week. If the Eligible Class Member's additional minutes causes the Eligible Settlement Class Member to work more than 40 hours, they will receive 1.5 times their regular rate for those minutes.

    iii.  If an Eligible Class Member was previously paid for additional time in in a particular week during the Recovery Period, then any portion that was paid will be treated as an off set for that week.

    iv.  If any money remains in the Eligible Settlement Class Member Fund following initial calculation of distribution to the Eligible Settlement Class Members, then the residual will be distributed pro rata among the Eligible Class Members.

    v.  However, no Eligible Settlement Class Member shall receive more than 100% of their Back Wages and Liquidated Damages. Any amount of the Eligible Settlement Class Members' individual award that exceeds 100% of their back wages and liquidated damages will be returned to the Eligible Settlement Class Member Fund for pro rata distribution to the remaining Eligible Settlement Class Members.

    vi.  If any money remains in the Eligible Settlement Class Member Fund following distribution of the Eligible Settlement Class Members, then the residual will be distributed to the Ohio Legal Assistance Foundation in cy pres.

**b. Service Awards**. In addition to the Settlement Shares, the Collective Representatives will apply to the Court for service awards of not more than $10,000.00 each and the Discovery Collective Members will apply to the Court for service awards of not more than $3,500.00 each for their assistance in the litigation of this matter, for total Service Awards not to exceed $78,000. Defendants will not oppose the requests for Service Awards as described herein. The Settlement Administrator will pay the Service Awards approved by the Court out of the Total Settlement Amount. If the Court approves a Collective Representative Service Awards of less than $10,000.00 or Discovery Collective Members Service Awards of less than $3,500.00 for any of the intended recipients, the remainder will be retained in the Net Settlement Fund. Payroll tax withholding and deductions will not be taken from the Service Awards and instead Form 1099s will be issued to the recipients with respect to their respective payment.

**c. Attorney's Fees and Costs**. Defendants Shall Pay Collective Counsels' Firms the following amounts: Attorney's Fees , in the amount of $777,872.59; and, costs incurred to date of $50,884.42. Collective Counsel's attorneys' fees shall be calculated pursuant to the lode star methodology pursuant to 29 U.S.C. 216(b), and must be approved by the Court. Defendants will not oppose Collective Counsel's fee request. Collective Counsel's attorney's fees include any potential sanctions such that no more additional payments shall be made to Collective Counsel.

4. **Indemnification.** The Collective Members agree that Defendants have not made any representations regarding the taxability of any payments made pursuant to this Agreement. The Collective Members agree and warrant that they have been and remain solely responsible for the timely payment of all taxes owed by each of them, if any, which have been due, or which may become due to any governmental authority from receipt of any funds received from Defendants pursuant to this Agreement. The Collective Members hereby agree to indemnify, pay the costs of defense, and hold Defendants harmless from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, for taxes owed by the Collective Members, including, but not limited to, taxes, levies, assessments, garnishments, fines, interest, attorneys' fees and costs owed by the Collective Members, if any, or incurred by Defendants. However, the Collective Members are not responsible for any federal, state, or local tax liability of Defendants and Defendants will indemnify and hold the Collective Members harmless from, and will reimburse the Collective Members for, any and all liability of whatever kind incurred by the Collective Members as a result of any tax obligations of Defendants, including, but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs owed by Defendants, if any.

5. **Appointment of Settlement Administrator**. The Parties have mutually agreed to ask the Court to appoint ILYM Group to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.

   a. The Settlement Administrator's duties will include:
      i. preparing, printing, and mailing the Collective Second Notice Packet(s) to all putative Second Notice Opt-In Plaintiffs;
      ii. conducting a National Change of Address search to update putative Second Notice Opt-In Plaintiffs addresses before mailing the Collective Second Notice Packets;
      iii. re-mailing Collective Second Notice Packet(s) that are returned to the putative Second Notice Opt-In Plaintiffs' new address;
      iv. setting up a toll-free telephone number to receive calls from putative Second Notice Opt-In Plaintiffs;
      v. responding to all inquiries from putative Second Notice Opt-In Plaintiffs regarding the settlement administration;
      vi. providing the Parties with weekly status reports about the delivery of Collective Second Notice Packet(s);
      vii. issuing the checks to effectuate the payments due under the Settlement;
      viii. issuing the tax reports required under this Settlement; and,
      ix. otherwise administering the Settlement pursuant to this Agreement.

   b. The Settlement Administrator will have the authority to issue payments subject to the limitations and calculations set forth in this Agreement. The Settlement Administrator's fees and costs, including the cost of printing and mailing the Collective Second Notice Packet(s) and checks, will be paid out of the Gross Settlement Amount subject to the limitations set out in this Agreement. The Settlement Administrator shall have its own Employer Identification Number under Internal Revenue Service Form W-9 and shall use its own Employer Identification Number in calculating payroll

7

withholdings for taxes and shall transmit the required employers' and employees' share of the withholdings to the appropriate state and federal tax authorities. The Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury Regulation section 468B-1.

6. **Timing and Method of Payments.** The Settlement Amount shall be paid as follows:

    a. **Settlement Shares.**

        i. Within fourteen (14) days of the close of the Second Notice Period Defendants will create an Excel list of Collective Members, with their number of hours in the Collective Recovery Period, their total Unpaid Wages and Liquidated Damages ("Collective Members' Settlement Shares List") and send it to the Settlement Administrator and Collective Counsel.

        ii. Collective Counsel will have fourteen (14) days to review the Collective Members' Settlement Shares List and make any objections. The Parties will work cooperatively to resolve any objections and if necessary, engage the Mediator to help resolve the issue.

        iii. Within fourteen (14) days after Collective Counsel approves of the Collective Members' Settlement Shares List or the fourteen (14) days expires, Defendants will transfer the funds sufficient to pay the Settlement Shares, plus the appropriate amount of employer's share of the payroll tax withholding to the Settlement Administrator.

    b. **Service Awards**. Within fourteen (14) days of the Court's approval of this Settlement, Defendants will transfer the funds sufficient to pay the Service Awards to the Settlement Administrator. The Settlement Administrator will make the Service Award payments to the Service Award recipients within fourteen (14) days of receiving the funds.

    c. **Attorney Fees and Costs**. Within fourteen (14) days of the Court's approval of this Settlement, Defendants will wire transfer the funds sufficient to pay Court's approved amount of attorney fees and costs to Barkan Meizlish DeRose cox, LLP. Barkan Meizlish DeRose cox, LLP will pay Marshall Foreman & Schlein, LLC their portion of the Court approved attorney fees and costs.

    d. **Administrator Costs**. Within fourteen (14) days of the Court's approval of this Settlement, Defendants will transfer $35,000.00 to the Settlement Administrator to cover the costs of administration. Any unused portion of the $35,000 administrative costs will revert to the Defendant.

    e. **Collective Members Who Do Not Participate.** Non-participating Collective Members are those putative Second Notice Opt-In Plaintiffs who do not timely return a Consent Form for filing on the ECF, or who do not cash or otherwise negotiate their Settlement Check.

    f.   The Named Plaintiffs and the Original Opt-In Plaintiffs do not have to return an additional consent form to receive their Settlement Shares or Service Awards.

    g.   Each Collective member shall have one hundred and twenty (120) calendar days to cash or otherwise negotiate their Settlement Checks ("Settlement Payment Period"). Failure to cash or otherwise negotiate the Settlement Check in the Settlement Payment Period will cause the Settlement Check to be void, and any unclaimed amounts shall revert to Defendants.

7. **Procedure for Approving Settlement.**

    a.   **Motion for Approval of the Collective Settlement by the Court**. After Execution of this Agreement, the Parties will file a Joint Approval Motion with the Court for an order giving Approval of the Collective Settlement and approving the Second Notice Packet (the "Joint Motion for Approval of Collective Settlement").

        i.   Collective Counsel agrees not to file the Joint Motion for Approval of Collective Settlement without first providing Defendants' Counsel an opportunity to review and approve drafts of the filing.

       ii.   Contemporaneously with the filing of the Joint Motion for Approval of Collective Settlement, Named Plaintiffs will file a Proposed Order Approving the Collective Settlement and Dismissal of Collective Action with prejudice.

      iii.   Should the Court modify this Agreement in a material manner (including, but not limited to, the Settlement Amount, the scope of the release to be granted by Collective Members, or the binding effect of the Settlement on Collective Members), the adversely affected Party shall have the right to void the Agreement, and shall thereafter promptly enter into good faith negotiations with the opposing party to attempt to resolve the issue created by the Court's modification.

      iv.   After the Court enters an Order Granting Approval of the Collective Settlement, every Collective Member will be sent the Collective Notice Packet.

8. **Release of Claims.**

    a.   **Collective Members. Collective Members,** for themselves and their families, spouses, children, heirs, beneficiaries, executors, administrators, insurers, assigns; representatives, attorneys, and agents, shall, by their approval of this Agreement, execution of this Agreement, be deemed to have RELEASED and FOREVER DISCHARGED Defendants, and their families, spouses, children, heirs, beneficiaries, executors, administrators, insurers, assigns agents, servants, employees, officers, directors, shareholders, predecessors, successors, attorneys, members, partners, limited partners, general partners, parent entities, subsidiary entities, affiliated entities, and related entities, managers, from any and all claims, counterclaims, cross claims, third party claims, actions, causes of action, suits, debts, dues, sums of money, accounts,

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, liabilities, liens, judgments, executions, claims and demands whatsoever, whether in law or equity, which any Party ever had, now has, or hereafter may have against the other, from the beginning of the world to the date of this Agreement, that arise from or based upon the claims asserted in this Lawsuit, whether now or hereafter existing, known or unknown, asserted or unasserted, equitable or legal, arising from or relating to the Fair Labor Standards Act ("FLSA"), the Ohio Wage Act and the Ohio Prompt Pay Act, under the theories of quantum meruit, unjust enrichment, conversion, breach of contract, theft of labor, and any other state, federal, or local law related to the payment of wages, overtime, minimum wage, all claims for costs, attorneys' fees and/or interest, or any other benefits against the Defendants and Released Parties for the Collective Recovery Period, excepting enforcement of this Agreement. For those Collective Members currently employed by Defendant Rogue, nothing in this Agreement shall affect or be construed to affect their continued employment with Rogue. Putative Collective Members who do not participate in the settlement will not release their FLSA claims against Defendants, will receive no Settlement Share.

    **b. Collective Counsel.** As of the date the Disposition becomes Final, and except as otherwise provided by this Agreement and the Disposition, and payment of attorney's fees and advanced costs has been made, Collective Counsel and any counsel associated with Collective Counsel waive any claim to costs and attorneys' fees and expenses against Defendants arising from or related to the Action.

9. **Settlement of Pending Retaliation and/or FLMA Claims.** The Parties stipulate and agree that the three individual claims for Benton (FMLA), Bishop (Retaliation), and Murray (Retaliation) are not included within this settlement, and that their claims remain live and pending.

10. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to the Settlement Collective Members, and Settlement Collective Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

11. **Correction of any rounding violations.** The Parties agree, subject to the Court's approval that after extensive and vigorous discovery and litigation it was determined that Defendants cured any alleged rounding violations that were the subject of this lawsuit not later than March 31, 2021.

12. **No Solicitation.** Collective Counsel stipulate and agree that they will not solicit any person who was provided with notices in this lawsuit, nor shall they use the names of any of the Defendants on Collective Counsels' respective web sites or in advertisements.

13. **Miscellaneous Terms.**

    a.  **No Admission of Liability.**

        1.  Defendants and the Released Parties deny that they have engaged in any wrongful, tortious, or other unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that but for the Settlement a Collective action should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or the Released Parties, or an admission by Named Plaintiffs that any of the claims were non-meritorious or that any defense asserted by Defendants was meritorious. This Settlement and the fact that the Parties were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with effectuating the Settlement pursuant to this Agreement). Defendants and Released Parties reserve the right to contest certification of any Collective or Rule 23 class for any reason and reserve all available defenses to claims in this or any future Action.

        2.  Neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Collective or Defendants or any of the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

        3.  This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings for the limited purpose of enforcing any or all terms of this Agreement or defending any claims released or barred by this Agreement.

    b.  **Integrated Agreement.** After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

c. **Attorney Authorization.** Collective Counsel and Defendants' Counsel warrant and represent that they are authorized by Named Plaintiffs and Defendants, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of thisAgreement including any amendments to this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the mediator for resolution.

d. **No Prior Assignments.** The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

e. **No Tax Advice.** Neither Collective Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

f. **Modification of Agreement.** This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their representatives.

g. **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors and/or heirs of each of the Parties.

h. **Applicable Law.** All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Ohio.

i. **Cooperation in Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

j. **Fair Settlement.** The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, considering all relevant factors, current and potential.

k. **Use and Return of Documents and Data.** All originals, copies, and summaries of documents and data provided to Collective Counsel by Defendants in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and for no other purpose, and may

not be used in any way that violates any existing contractual agreement, statute, or rule.

l. **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

m. **Notice**. All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

<table>
<tr><td><strong>For the Collective Members:</strong></td><td><strong>For Defendants:</strong></td></tr>
<tr><td><strong>BARKAN MEIZLISH DEROSE COX, LLP</strong><br>Robert E. DeRose, Esq.<br>4200 Regent Street, Suite 210<br>Columbus, OH 43219<br>Bderose@barkanmeizlish.com</td><td><strong>BRICKER GRAYDON, LLP</strong><br>Drew H. Campbell, Esq.<br>100 South Third Street<br>Columbus, OH 43215<br>Dcampbell@BrickerGraydon.com</td></tr>
<tr><td></td><td><strong>TUCKER ELLIS, LLP</strong><br>Melissa Kelly, Esq.<br>950 Main Ave, Suite 1100<br>Cleveland, OH 41113<br>Melissa.kelly@tuckerellis.com</td></tr>
</table>

n. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be the same instrument if counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

o. **Continuing Jurisdiction.** The Hon. Magistrate Judge Kimberly Jolson of this Court shall have and shall retain continuing jurisdiction over the Action to ensure the continuing implementation of this Agreement and enforcement of the Settlement until performance in full of the terms of this Settlement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

**This Agreement is agreed to by and between the Parties below:**

Date: _____05/19/2023_____    By: _____*Scott Lee Braun*_____

Scott L. Braun

Date: _____    By: _____

Robert E. Hessler

13

*SLB*

not be used in any way that violates any existing contractual agreement, statute, or rule.

l. **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

m. **Notice**. All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

**For the Collective Members:**               **For Defendants:**

**BARKAN MEIZLISH DEROSE COX, LLP**        **BRICKER GRAYDON, LLP**
Robert E. DeRose, Esq.                        Drew H. Campbell, Esq.
4200 Regent Street, Suite 210                 100 South Third Street
Columbus, OH 43219                            Columbus, OH 43215
Bderose@barkanmeizlish.com                    Dcampbell@BrickerGraydon.com

                                              **TUCKER ELLIS, LLP**
                                              Melissa Kelly, Esq.
                                              950 Main Ave, Suite 1100
                                              Cleveland, OH 41113
                                              Melissa.kelly@tuckerellis.com

n. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be the same instrument if counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

o. **Continuing Jurisdiction.** The Hon. Magistrate Judge Kimberly Jolson of this Court shall have and shall retain continuing jurisdiction over the Action to ensure the continuing implementation of this Agreement and enforcement of the Settlement until performance in full of the terms of this Settlement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

**This Agreement is agreed to by and between the Parties below:**

Date: _____        By: _____
                                 Scott L. Braun

Date: __05/19/2023__          By: _Robert H Hessler_____
                                 Robert E. Hessler

13



not be used in any way that violates any existing contractual agreement, statute, or rule.

l.  **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

m.  **Notice**. All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

| For the Collective Members: | For Defendants: |
|---|---|
| **BARKAN MEIZLISH DeROSE COX, LLP**<br>Robert E. DeRose, Esq.<br>4200 Regent Street, Suite 210<br>Columbus, OH 43219<br>Bderose@barkanmeizlish.com | **BRICKER GRAYDON, LLP**<br>Drew H. Campbell, Esq.<br>100 South Third Street<br>Columbus, OH 43215<br>Dcampbell@BrickerGraydon.com |
| | **TUCKER ELLIS, LLP**<br>Melissa Kelly, Esq.<br>950 Main Ave, Suite 1100<br>Cleveland, OH 41113<br>Melissa.kelly@tuckerellis.com |

n.  **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be the same instrument if counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

o.  **Continuing Jurisdiction.** The Hon. Magistrate Judge Kimberly Jolson of this Court shall have and shall retain continuing jurisdiction over the Action to ensure the continuing implementation of this Agreement and enforcement of the Settlement until performance in full of the terms of this Settlement.

## IV.  EXECUTION BY PARTIES AND COUNSEL

**This Agreement is agreed to by and between the Parties below:**

Date: _____05/19/2023_____  By: _____*Scott Lee Braun*_____
                                      Scott L. Braun

Date: _____  By: _____
                             Robert E. Hessler

SLB

not be used in any way that violates any existing contractual agreement, statute, or rule.

l. **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

m. **Notice**. All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

| For the Collective Members: | For Defendants: |
|---|---|
| **BARKAN MEIZLISH DEROSE COX, LLP** | **BRICKER GRAYDON, LLP** |
| Robert E. DeRose, Esq. | Drew H. Campbell, Esq. |
| 4200 Regent Street, Suite 210 | 100 South Third Street |
| Columbus, OH 43219 | Columbus, OH 43215 |
| Bderose@barkanmeizlish.com | Dcampbell@BrickerGraydon.com |
| | |
| | **TUCKER ELLIS, LLP** |
| | Melissa Kelly, Esq. |
| | 950 Main Ave, Suite 1100 |
| | Cleveland, OH 41113 |
| | Melissa.kelly@tuckerellis.com |

n. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be the same instrument if counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

o. **Continuing Jurisdiction.** The Hon. Magistrate Judge Kimberly Jolson of this Court shall have and shall retain continuing jurisdiction over the Action to ensure the continuing implementation of this Agreement and enforcement of the Settlement until performance in full of the terms of this Settlement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

**This Agreement is agreed to by and between the Parties below:**

Date: _____     By: _____
                              Scott L. Braun

Date: ___05/19/2023___     By: _____*Robert H Hessler*_____
                              Robert E. Hessler

13

*RHH*

Date: 05/19/2023      By: *Allen Dale Bishop* _____
                                                      Allen D. Bishop, III

Date: _____      By: _____
                                                      Marcellus Murray

Date: _____      By: _____
                                                      Larry Benn

Agreed as to Form:

Date: _____      By: _____
                                                      Barkan Meizlish DeRose Cox, LLP
                                                      Collective Counsel

Date: _____      By: _____
                                                      Marshall Forman Schlein, LLC
                                                      Collective Counsel

Date: _____      By: _____
                                                      Tucker Ellis, LLP
                                                      Counsel for Defendants

Date: _____      By: _____
                                                      Bricker Graydon, LLP,
                                                      Counsel for Defendants

18650040.4

18650040.4

*ADB*

Date: _____          By: _____
                                    Allen D. Bishop, III

                                    *Marcellus Murray*

Date: 05/19/2023                By: _____
                                    Marcellus Murray

Date: _____          By: _____
                                    Larry Benn

Agreed as to Form:

Date: _____          By: _____
                                    Barkan Meizlish DeRose Cox, LLP
                                    Collective Counsel

Date: _____          By: _____
                                    Marshall Forman Schlein, LLC
                                    Collective Counsel

Date: _____          By: _____
                                    Tucker Ellis, LLP
                                    Counsel for Defendants

Date: _____          By: _____
                                    Bricker Graydon, LLP,
                                    Counsel for Defendants

18650040.4

18650040.4

*MM*

Date: _____     By: _____
                               Allen D. Bishop, III


Date: _____     By: _____
                               Marcellus Murray

          05/19/2023                    *Larry Benn, Jr*
Date: _____     By: _____
                               Larry Benn


Agreed as to Form:

Date: _____     By: _____
                               Barkan Meizlish DeRose Cox, LLP
                               Collective Counsel


Date: _____     By: _____
                               Marshall Forman Schlein, LLC
                               Collective Counsel


Date: _____     By: _____
                               Tucker Ellis, LLP
                               Counsel for Defendants


Date: _____     By: _____
                               Bricker Graydon, LLP,
                               Counsel for Defendants

18650040.4


18650040.4

*LB*

# Exhibit A

## NOTICE OF COLLECTIVE ACTION SETTLEMENT

TO:           All current or former non-exempt employees in Coulter Ventures, LLC d/b/a Rogue Fitness warehouse, and/or manufacturing divisions employed during November 19, 2016 through March 31, 2021, who were paid from the beginning of their shift until the end of their shift despite being clocked in more than seven (7) minutes prior to their shift and/or remaining clocked in more than seven (7) minutes after their scheduled shift end time.

RE:           Your right to join a collective action settlement compensating current and former employees for alleged unpaid overtime hours.

**DEADLINE TO FILE CONSENT FORM:**        _____

> *This is not a solicitation from a lawyer or from a law firm.  A Court has authorized this Notice.*

Records maintained by Coulter Ventures, LLC, d/b/a Rogue Fitness ("Rogue Fitness"), indicate that you worked for or at Rogue Fitness at any time during the period of **November 16, 2016 to March 31, 2021** and that at times you clocked in more than seven (7) minutes before your shift and/or remaining clocked in more than seven (7) minutes after your scheduled shift end time.

This Notice explains information about a pending lawsuit in the United States District Court, Southern District of Ohio, Eastern Division. This lawsuit is entitled *Scott Lee Braun, et. al. v. Coulter Ventures, LLC, DBA Rogue Fitness, et. al* Case No. 2:19-cv-05050-ALM-KAJ. Based on the allegations made in the lawsuit, you may have legal rights to compensation for unpaid wages. No determination has yet been made as to whether the claims in the lawsuit are true or not.  More information about your legal rights is contained in other sections of this Notice.

## WHAT IS THIS LAWSUIT ABOUT?

On November 18, 2019,  Named Plaintiffs  filed  this Collective/Class Action  lawsuit  in  the United States District Court for the Southern District of Ohio, Columbus Division, captioned entitled *Braun, et al. v. Coulter Ventures, LLC, d/b/a Rogue Fitness, et al.*, Case No. 2:19-CV-05050-ALM-KAJ. In the Action, Plaintiffs asserted the following claims:

i.   Defendants improperly rounded the hourly employees' time in the warehouse and manufacturing departments and did not pay for work performed before and after their shift;

ii.   Defendants improperly rounded some of the hourly employees' time in the warehouse and manufacturing departments time around their lunch and improperly deducted 30 minutes from their pay; and,

iii.   Defendants' alleged failure to pay wages violated federal law and Ohio law.

Defendants have denied and continue to deny all of the claims in the Action and deny any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and the classes. Defendants further state that they have in place policies and procedures to ensure that all hourly employees in the Warehouse and Manufacturing departments are paid for all time worked.

Named Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Further, they believe that is meritorious based on alleged individual violations of Ohio wage laws.

On August 30, 2022, the Parties attended mediation with mediator, Elizabeth A. Callan, Esq. At mediation, the Parties failed to reach an agreement. On March 9, 2023, while attending the Scheduling Conference with Magistrate Judge Jolson, the Parties reached an agreement in principle on some but not all terms of a settlement. The Parties continued negotiating with the assistance of Ret. Magistrate Judge Kemp on May 10, 2023 and reached an agreement to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Collective Recovery Period which Chief U.S. District Court Judge Marbley approved on _____ .

## WHAT IS THE COLLECTIVE RECOVERY PERIOD?

Participating in this lawsuit and settlement means that you can recover unpaid minutes of work before and after your shift for all weeks you worked over 40 hours (including the unpaid minutes) between November 19, 2016 thru March 31, 2021. You are being informed of this collective action because you may be eligible to participate. If you would like to participate you must sign and return the enclosed "Consent Form" on or before _____.

## HOW WILL MY SETTLEMENT AMOUNT BE CALCULATED?

Each eligible person who timely returns a Consent Form ("Collective Members") will receive two payments, one for their Unpaid Wages Award and one for their Liquidated Damages Award.

Collective members will receive additional minutes each day they worked during the Collective Recovery Period as unpaid wages. If the additional minutes either increase the Collective Member's hours in a week to exceed 40 or if the Collective Member recorded 40 hours in a workweek without the additional minutes, then the Collective Member will receive the total number of minutes multiplied by 150% of their regular rate for that week. If the additional minutes do not cause the Collective Member's total hours to exceed 40, then they will not be entitled to an unpaid wages award for that week. The unpaid wages are calculated as follows:

    a. Eligible Settlement Class Members will receive for each day they worked from November 18, 2016 through March 31, 2021, (the "Recovery Period"), the actual number of minutes they clocked in after the end of their scheduled shift;

    b. The actual number of minutes they were clocked in after the end of their scheduled shift; and

    c. When data for their lunch shows less than 30 minutes, Rogue will pay the difference between the actual and scheduled 30 minutes when the Settlement Class Member was not otherwise paid for lunch.

The Collective members will receive a liquidated damages award of 100% of their Unpaid Wages Award.

The Unpaid Wage Award is subject to wage withholdings and shall be reported on IRS Form W-2. Defendants will be responsible for any employer side payroll taxes from funds outside of the Total Settlement Amount. The Liquidated Damages Award is in settlement of claims for penalties, including liquidated damages, allegedly due to employees (collectively the "Non-Wage Portion").

The Non-Wage Portion shall not be subject to wage withholdings and   shall be reported on an IRS Form 1099 Misc.

## ATTORNEYS FEES AND COSTS

Pursuant to 29 U.S.C. § 216 (b), Plaintiffs' Counsel will seek to have the Court approve their attorneys fees and costs and to have Rogue pay the approved amount.  This means that Plaintiffs' Counsel will not be paid out of your settlement amount but will be paid separately by Rogue Fitness.

## HOW DO I PARTICIPATE?



To join this Collective Action Settlement, you must sign and return the enclosed "Consent Form." If you choose to join this action, you must return the Consent Form by: (a) mailing it to _____; (b) faxing the form to _____; or (c) scanning and emailing the form to _____.

**The signed Consent Form must be postmarked, faxed, or emailed by _____.**

## EFFECT OF JOINING THIS LAWSUIT

If you choose to join this Collective Action Settlement, you will be bound by the Settlement Agreement approved by the Court.

Each Collective Member agrees to release all claims, rights, demands, liabilities and causes of action that are alleged, or reasonably could have been alleged based upon the facts and claims asserted in the operative Complaint in this action, including under the Fair Labor Standards Act ("FLSA"), the Ohio Wage Act and the Ohio Prompt Pay Act, under the theories of quantum meruit, unjust enrichment, conversion, breach of contract, theft of labor, and any other state, federal, or local law related to the payment of wages, overtime, minimum wage, all claims for costs, attorneys' fees and/or interest, or any other benefits against the Defendants and Released Parties for the Collective Recovery Period.

## RETALIATION PROHIBITED

The law prohibits any employer from taking any action to discharge you, or in any manner harass, discriminate or retaliate against you for taking part in this action. This is true whether you currently work for Rogue Fitness, or for another employer.

## LEGAL EFFECT OF NOT JOINING THIS ACTION

If you choose not to join this action, you will not be bound by the Settlement Agreement's terms and may file your own cause of action.  You will not be entitled to share any amounts paid to the Collective Members in this case. You will be free to file your own lawsuit, or to not file any lawsuit at all; however, the pendency of this action will not stop the running of the statute of limitations as to any claims you may have until you file your own lawsuit.

PLEASE BE ADVISED:  After the opportunity for you to opt into this lawsuit and Settlement expires, the Parties intend to seek dismissal of this lawsuit in its entirety in exchange for payment of a portion of the wages owed under the Fair Labor Standards Act (FLSA).  If you choose to pursue your own claim separately from this lawsuit, rather than to opt into this lawsuit, you need

to calculate the time period within which your separate lawsuit must be filed. That time period is known as the statute of limitations. The plaintiffs had requested that the FLSA time period be extended for those who exercised their right to opt into this lawsuit. The Court has permitted a limited extension. You have three years before March 21, 2021, or three years before the date your consent to opt in was filed, whichever date creates a longer window of recovery under the FLSA. You should consider the last date you were not paid and calculate from there. Unless you start to pursue your own FLSA lawsuit within the time period, your FLSA claim would be deemed untimely and could not be pursued. To calculate the time period for you to pursue your own claim under the FLSA, therefore, you should consult with an attorney to determine how the statute of limitations may apply to you.

Under the Ohio Minimum Fair Wage Standards Act (the Ohio Wage Act), the statute of limitations period is two years from when the overtime was not paid. Because the plaintiffs brought the the Ohio Wage Act claim as a class action, though, a different calculation is done. From the date this lawsuit was started your potential membership in a class action stopped the clock on your the Ohio Wage Act time period. The clock starts again once the class action is dismissed. To calculate the time period for you to pursue your own claim under the Ohio Wage Act, therefore, you should consult with an attorney to determine how the statute of limitations may apply to you.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you participate in this action, you have the right to choose and retain your own attorney, or you may choose to be represented by Plaintiffs' counsel. Plaintiffs are represented by:

BARKAN MEIZLISH DEROSE COX, LLP
4200 Regent Street, Suite 210
Columbus, OH 43219
Telephone: 614-221-4221
Fax: 614-744-2300
Email: consents@barkanmeizlish.com

MARSHALL, FORMAN & SCHLEIN, LLC
250 Civic Center Drive, Suite 480
Columbus, OH 43215
Phone: (614) 463-9790
Facsimile: (614) 744-2300

## FURTHER INFORMATION

If you have questions about this case or about this Notice, further information may be obtained from Plaintiffs' Counsel.

DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS CASE OR ABOUT THIS NOTICE. THIS NOTICE HAS BEEN AUTHORIZED BY THE COURT, BUT THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE ALLEGATIONS AND/OR DEFENSES. THERE IS NO ASSUSRANCE THAT THE COURT WILL RULE IN FAVOR OF THE PLAINTIFFS OR IN FAVOR OF DEFENDANTS. THE COURT DOES NOT ENCOURAGE OR DISCOURAGE ANY PERSON FROM JOINING THIS LAWSUIT.

Dated: _____

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT LEE BRAUN, et al., | : | |
| | : | CASE NO. 2:19-cv-05050-ALM-KAJ |
| | : | |
| | : | |
| Plaintiffs, | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| COULTER VENTURES, LLC, | : | |
| DBA ROGUE FITNESS, et al., | : | |
| | : | |
| Defendants. | : | |

I hereby consent, agree, and opt-in to be a party plaintiff in the above-captioned collective action. I agree to be represented by BARKAN MEIZLISH DEROSE COX, LLP and MARSHALL, FORMAN & SCHLEIN, LLC. I understand that by filing this consent, I will be bound by the settlement reached between the parties and approved by the Court. I provide BARKAN MEIZLISH DEROSE COX, LLP and MARSHALL, FORMAN & SCHLEIN, LLC prior express consent to contact me via phone or text, including calls or texts made using an automated telephone dialing system and/or texting system, at any telephone number on which I can be reached.

_____          _____
Signature                    Date                         Printed Name

_____          _____
Street Address                                      City, State Zip Code

_____          _____
Mobile Number                                      Email Address

                                                       _____
                                                       Date of Birth

RETURN THIS FORM ON OR BEFORE **[DATE]** BY MAIL, EMAIL, OR FAX TO:

**[TPA INFORMATION]**

## Vinesign



**Verification Complete**
The document has been officially verified

| | |
|---|---|
| **Document Status** | ✔ Signed & Verified |
| **Document Name** | Scott Braun Settlement Agreement |
| **Sender Name** | Robert DeRose |
| **Document Key** | 05A2EC2C-CCB9-4E38-AB56-FBD03ED86BF1 |

**Recipient 1**
Scott Braun

██████████

**IP Address**
████████

**Signature**

*Scott Lee Braun*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| ✔ **Document Completed** (Matching Hash) | 05/19/2023 18:46 UTC | Scott Braun | Signed by Scott Braun (████████) **Blockchain Block** ██████████████ **Document Hash** ████████████████████ **Timestamp** 05/19/2023 18:46 UTC |
| 👁 **Document Viewed** | 05/19/2023 18:32 UTC | Scott Braun | Viewed by Scott Braun ████████ |
| 👁 **Document Viewed** | 05/19/2023 18:31 UTC | Scott Braun | Viewed by Scott Braun ████████ |
| 👁 **Document Viewed** | 05/19/2023 18:31 UTC | Scott Braun | Viewed by Scott Braun ████████ |
| ✈ **Document Sent** | 05/19/2023 18:31 UTC | Scott Braun | Sent out via email to Scott Braun ██████████ |
| ✈ **Document Sent** | 05/19/2023 18:31 UTC | Scott Braun | Sent out via text to Scott Braun ████████ |
| 📄 **Document Created** | 05/19/2023 18:31 UTC | | Created by Robert DeRose (bderose@barkanmeizlish.com) |



**Vinesign**

**Verification Complete**
The document has been officially verified.

| | |
|---|---|
| **Document Status** | ✔ Signed & Verified |
| **Document Name** | Robert Hessler Settlement Agreement |
| **Sender Name** | Robert DeRose |
| **Document Key** | DECABCE9-E6B3-4DB7-9DCB-6D88B6F7F7BC |

**Recipient 1**
Robert Hessler

**IP Address**

**Signature**
*Robert H Hessler*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| ✔ **Document Completed** (Matching Hash) | 05/19/2023 18:42 UTC | Robert Hessler | Signed by Robert Hessler ▮▮▮▮▮<br>**Blockchain Block** ▮▮▮▮▮▮▮<br>**Document Hash** ▮▮▮▮▮▮▮▮▮▮<br>**Timestamp**<br>05/19/2023 18:42 UTC |
| 👁 **Document Viewed** | 05/19/2023 18:35 UTC | Robert Hessler | Viewed by Robert Hessler ▮▮▮▮ |
| ➤ **Document Sent** | 05/19/2023 18:34 UTC | Robert Hessler | Sent out via email to Robert Hessler ▮▮▮▮ |
| ➤ **Document Sent** | 05/19/2023 18:34 UTC | Robert Hessler | Sent out via text to Robert Hessler ▮▮▮▮ |
| 🖹 **Document Created** | 05/19/2023 18:34 UTC | | Created by Robert DeRose (bderose@barkanmeizlish.com) |

## Vinesign



**Document Status**   ✔ Signed & Verified
**Document Name**    Allen Bishop Settlement Agreement
**Sender Name**      Robert DeRose
**Document Key**     135612DB-2475-4BCD-8EB7-43F12C0D2FCA

**Recipient 1**
Allen Bishop

**IP Address**

**Signature**
*Allen Dale Bishop*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| ✔ Document Completed  (Matching Hash) | 05/19/2023 19:40 UTC | Allen Bishop | Signed by Allen Bishop ((614) 900-1889)  **Blockchain Block**  **Document Hash**  **Timestamp** 05/19/2023 19:40 UTC |
| 👁 Document Viewed | 05/19/2023 19:07 UTC | Allen Bishop | Viewed by Allen Bishop ( |
| ✈ Document Sent | 05/19/2023 18:38 UTC | Allen Bishop | Sent out via email to Allen Bishop |
| ✈ Document Sent | 05/19/2023 18:38 UTC | Allen Bishop | Sent out via text to Allen Bishop |
| 📄 Document Created | 05/19/2023 18:38 UTC |  | Created by Robert DeRose (bderose@barkanmeizlish.com) |

## Vinesign



**Document Status**  ✔ Signed & Verified
**Document Name**  Marcellus Murray Settlement Agreement
**Sender Name**  Robert DeRose
**Document Key**  DA6DEE54-7537-44CB-AC51-7866FEDABEAD

**Recipient 1**
Marcellus Murray

**IP Address**

**Signature**

*Marcellus Murray*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| ✔ Document Completed  Matching hash | 05/19/2023 20:47 UTC | Marcellus Murray | Signed by Marcellus Murray ▮  **Blockchain Block** ▮  **Document Hash** ▮  **Timestamp** 05/19/2023 20:47 UTC |
| 👁 Document Viewed | 05/19/2023 20:45 UTC | Marcellus Murray | Viewed by Marcellus Murray ▮ |
| ✈ Document Sent | 05/19/2023 18:41 UTC | Marcellus Murray | Sent out via email to Marcellus Murray ▮ |
| ✈ Document Sent | 05/19/2023 18:41 UTC | Marcellus Murray | Sent out via text to Marcellus Murray ▮ |
| 🗎 Document Created | 05/19/2023 18:41 UTC | | Created by Robert DeRose (bderose@barkanmeizlish.com) |

## Vinesign



| | |
|---|---|
| **Document Status** | ✔ Signed & Verified |
| **Document Name** | Larry Benn Settlement Agreement |
| **Sender Name** | Robert DeRose |
| **Document Key** | 78C120F7-7F1B-4493-8A94-801765566772 |

**Recipient 1**
Larry Benn, Jr

**IP Address**

**Signature**
*Larry Benn, Jr*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| ✔ **Document Completed** (Matching Hash) | 05/19/2023 19:34 UTC | Larry Benn, Jr | Signed by Larry Benn, Jr ( ▮ ) **Blockchain Block** ▮ **Document Hash** ▮ **Timestamp** 05/19/2023 19:34 UTC |
| 👁 **Document Viewed** | 05/19/2023 19:31 UTC | Larry Benn, Jr | Viewed by Larry Benn, Jr ▮ |
| 👁 **Document Viewed** | 05/19/2023 19:01 UTC | Larry Benn, Jr | Viewed by Larry Benn, Jr ( ▮ ) |
| 👁 **Document Viewed** | 05/19/2023 18:56 UTC | Larry Benn, Jr | Viewed by Larry Benn, Jr ▮ |
| 👁 **Document Viewed** | 05/19/2023 18:45 UTC | Larry Benn, Jr | Viewed by Larry Benn, Jr (( ▮ ) |
| 👁 **Document Viewed** | 05/19/2023 18:44 UTC | Larry Benn, Jr | Viewed by Larry Benn, Jr ▮ |
| ✒ **Document Sent** | 05/19/2023 18:44 UTC | Larry Benn, Jr | Sent out via email to Larry Benn, Jr ( ▮ ) |
| ✒ **Document Sent** | 05/19/2023 18:44 UTC | Larry Benn, Jr | Sent out via text to Larry Benn, Jr ▮ |
| 📄 **Document Created** | 05/19/2023 18:44 UTC | | Created by Robert DeRose (bderose@barkanmeizlish.com) |

## Vinesign



**Verification Complete**
The document has been officially verified.

| | |
|---|---|
| **Document Status** | ✔ Signed & Verified |
| **Document Name** | Opposing Counsel Signature |
| **Sender Name** | Robert DeRose |
| **Document Key** | F653F83A-7432-4EE5-82A4-54249FD91464 |

**Recipient 1**
Drew Campbell

**IP Address**

**Signature**
*Drew Campbell*

**Recipient 2**
Melissa Kelly

**IP Address**

**Signature**
*Melissa Kelly*

## Document History



| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| **Document Completed** (Matching Hash) | 05/19/2023 20:10 UTC | Melissa Kelly | Signed by Melissa Kelly ▇▇▇▇▇▇<br>**Blockchain Block** ▇▇▇▇▇▇<br>**Document Hash** ▇▇▇▇▇▇<br>**Timestamp** 05/19/2023 20:10 UTC |
| **Document Viewed** | 05/19/2023 20:10 UTC | Melissa Kelly | Viewed by Melissa Kelly ▇▇▇▇ |
| **Document Sent** | 05/19/2023 20:10 UTC | Melissa Kelly | Sent out via email to Melissa Kelly ▇▇▇▇ |
| **Document Sent** | 05/19/2023 20:10 UTC | Melissa Kelly | Sent out via text to Melissa Kelly ▇▇▇▇ |
| **Document Signed** | 05/19/2023 20:09 UTC | Drew Campbell | Signed by Drew Campbell ▇▇▇▇ |
| **Document Viewed** | 05/19/2023 20:09 UTC | Drew Campbell | Viewed by Drew Campbell ▇▇▇▇ |
| **Document Viewed** | 05/19/2023 20:09 UTC | Drew Campbell | Viewed by Drew Campbell ▇▇▇▇ |
| **Document Sent** | 05/19/2023 20:08 UTC | Drew Campbell | Sent out via email to Drew Campbell ▇▇▇▇ |
| **Document Sent** | 05/19/2023 20:08 UTC | Drew Campbell | Sent out via text to Drew Campbell ▇▇▇▇ |
| **Document Created** | 05/19/2023 20:08 UTC | | Created by Robert DeRose (bderose@barkanmeizlish.com) |