**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT LEE BRAUN,** *et al.,* | : | |
| | : | **Case No. 2:19-cv-05050** |
| **Plaintiffs,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **COULTER VENTURES, LLC,** | : | |
| **d/b/a ROGUE FITNESS,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion in Limine. (ECF No. 179). Plaintiffs'

Motion seeks an order from this Court permitting it to use representative evidence at trial to prove

damages due. For the reasons set forth below, this Court **DENIES** Plaintiffs' Motion **WITHOUT**

**PREJUDICE** to their ability to refile their Motion in a manner consistent with this Order.

## I.    BACKGROUND

On November 18, 2019, Plaintiffs filed the present class and collective action against

Defendants for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. and the

Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("the Ohio Wage Act").

(ECF No. 1). Specifically, Plaintiffs allege that Defendants failed to pay the class members for all

the hours that they actually worked by excluding from calculation of their wages the hours spent

performing wind-up and wind-down activities necessary to their primary duties. (*Id.*). This Court

has conditionally certified the following class:

> All current or former non-exempt employees in Defendants' warehouse and/or
> manufacturing divisions and employed during the past three years who were paid
> from the beginning of their shift until the end of their shift despite being clocked in
> more than seven (7) minutes prior to their shift and/or remaining clocked in more
> than seven (7) minutes after their scheduled shift end time.

1

(ECF No. 96 at 10).

Pursuant to this Court's Scheduling Order (ECF No. 167), Plaintiffs submitted timely a Motion in Limine (ECF No. 179) seeking to allow the presentation of representative evidence at trial to prove damages due. The Motion has been briefed fully and is ripe for review.

## II.      STANDARD OF REVIEW

### A.  Motions in Limine

The purpose of motions in limine is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). For courts ruling on a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio July 16, 2004). Courts should "exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp.*, *LLC*, No. 2:07-CV-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). A party may also use a motion in limine to secure a pretrial ruling that certain evidence is admissible. *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-CV-58-CWR-FKB, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (collecting cases).

Thus, "[w]hen a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id*. "Orders in limine which exclude broad categories of evidence should seldom be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, No. 2:06-CV-283, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) (explaining that "[c]ourts . . . are generally reluctant to

grant broad exclusions of evidence in limine, because a court is almost always better situated during the actual trial to assess the value and utility of evidence.") (internal quotation omitted). Ultimately, the resolution of a motion in limine is a decision that falls "entirely within the discretion of the district court." *United States v. Hurd*, 7 F.3d 236 (6th Cir. 1993); *see United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983) (holding that "[a] ruling on a motion in limine is therefore essentially an advisory opinion by the trial court.").

### B. Rules of Evidence

Plaintiffs' Motion implicates implicate the Federal Rules of Evidence on relevance (Rules 401, 402, 403, 404) and lay and expert witnesses (Rules 701, 702, 703).

The relevance rules provide that evidence is relevant, and thus generally admissible, if it has "any tendency" to make a "fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, when the court determines that "its probative value is substantially outweighed" by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Additionally, relevant evidence of character, character trait, or other acts is likewise inadmissible under Rule 404 "to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "[E]vidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The rules on character evidence bar its use for propensity—that is, "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The same holds true for prior crimes, wrongs, or bad acts; however, such evidence is

3

admissible for other purposes not related to propensity. Fed. R. Evid. 404(b). One such purpose is impeachment, governed by Rule 609. Rule 609 states that a conviction of a crime punishable by more than one year's imprisonment "must be admitted, subject to Rule 403, in a civil case . . . ." Fed. R. Evid. 609(a)(1)(A). Any conviction "must be admitted," regardless of the term of punishment, if "the elements of the crime required proving . . . a dishonest act or false statement." Fed. R. Evid. 609(a)(2). A limiting principle "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," in which case the probative value of the conviction must substantially outweigh the prejudicial effect. Fed. R. Evid. 609(b). "This analysis applies to convictions . . . over ten years old whether or not the underlying offenses involved a dishonest act or false statement." *Cox Paradise, LLC v. Erie Ins. Exch.,* No. 120CV01068JDBJAY, 2022 WL 808704, at *2 (W.D. Tenn. Mar. 16, 2022).

Lay witnesses are restricted in offering opinion testimony, as it must be "rationally based on the witness's perception," "helpful to understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Lay witnesses also are required to have personal knowledge of the matter to which they testify. Fed. R. Evid. 602. By contrast, expert witnesses generally can testify in the form of an opinion. Fed. R. Evid. 702. Opinion testimony by an expert is "not objectionable just because it embraces an ultimate issue," provided that it stops short of giving legal conclusions. Fed. R. Evid. 704(a). Experts need not have personal knowledge of the matter, and they may base an opinion on facts or data brought to their awareness. Fed. R. Evid. 602, 703. If the expert's opinion rests on otherwise inadmissible evidence, however, the expert may disclose them "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

4

### III.   LAW AND ANALYSIS

Plaintiffs move this Court to permit them to present representative evidence of damages given the (supposed) impracticability of the alternative: requiring each of the "over 100 individual witnesses" to testify about their particularized damages resulting from Defendants' alleged underpayment. Specifically, Plaintiffs posit that evidence of Defendants' underpayment and poor treatment of the testifying workers should be admitted as representative evidence applicable to the non-testifying workers. Plaintiffs contend that no rule bars a collective or class action from seeking minimum wages and overtime using representative evidence. (ECF No. 179 at 6) (citing *Tyson Foods, Inc. v. Bouaphak*eo, 577 U.S. 442 (2016); *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 747–748 (6th Cir. 2019)). Plaintiffs maintain that they must rely on representative evidence because Defendants failed to keep records of the class members' work activities outside of the time they formally clocked in/out and their shifts formally began/ended. Plaintiffs also argue that this evidence is relevant under Fed. R. Evid. 401 and 402, and that its probative value outweighs any risk of unfair prejudice under Fed. R. Evid. 403. Plaintiffs also argue that Fed. R. Evid. 404 does not bar applying representative evidence from a sample of plaintiffs to other plaintiffs. Plaintiffs' position is that representative evidence from testifying employees who are similarly situated to non-testifying employees is admissible because the "other" acts alleged are all substantially similar and reasonably near in time. Plaintiffs maintain that this Court need not depend on any specific representative evidence or determine which theories of liability Plaintiffs would pursue at trial to rule in their favor. Plaintiffs acknowledge, however, that they have not yet completed the discovery needed to ascertain the representative evidence they will elicit at trial.

Defendants oppose Plaintiffs' Motion on the grounds that Plaintiffs fail to cite to any actual evidence upon which they intend to rely for its representativeness. Instead, Defendants argue,

Plaintiffs merely request a blanket order permitting them to use "representative evidence" without offering any actual evidence to permit the Court to make that determination or any explanation regarding how the evidence would support their theories of liability. In effect, Defendants contend, motions in limine are used to *exclude* the introduction of evidence at trial rather than to permit it categorically long before trial. Further, Defendants argue, there is no legal support for permitting Plaintiffs to introduce broad categories of evidence without knowing what that evidence is.

In some cases, a representative sample may be the only practicable means to demonstrate a defendant's liability. *Tyson Foods, Inc.*, 577 U.S. at 455. Representative evidence may be used to "establish liability for testifying and non-testifying employees, as similarly situated employees may 'testify as representatives of one another.'" *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 748 (6th Cir. 2019); *see Monroe v. FTS USA, LLC*, 860 F.3d 389, 411 (6th Cir. 2017). The plaintiff can demonstrate that the proposed representative sample is appropriate if "each class member could have relied on that sample to establish liability if he or she had brought an individual action." *Tyson Foods, Inc.*, 577 U.S. at 455. In other words, "[i]f the sample could have sustained a reasonable jury finding as to hours worked in each employee's individual action, that sample is a permissible means of establishing the employees' hours worked in a class action." *Id.*

Here, Plaintiffs do not identify any evidence for this Court to evaluate. Plaintiffs themselves acknowledge that they have not ascertained "any specific representative evidence" upon which they plan to rely at trial. (ECF No. 188 at 2). In the absence of any identifiable evidence, this Court cannot decide whether the proposed evidence is representative or if it is even admissible in any event. This is especially true given that Plaintiffs pursue two exclusive theories of liability concerning its conditionally certified class:

1. "Defendants' companywide practice of paying its warehouse and/or manufacturing division employees only for the time they were scheduled to work, not from the time they were actually working from November 18, 2016 until approximately February of 2020 ("Schedule to Schedule")"; and

2. "Defendants' companywide practice of . . . paying its warehouse and/or manufacturing division employees only for the time they were clocked in ("Punch to Punch"), not from the time they were actually working from approximately February of 2020 thereafter."

(ECF No. 179 at 1, 3).

The Sixth Circuit instructed that parties must identify evidence and their uses with specificity to justify the *exclusion* of categories of evidence. *In re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2021 WL 5924067, at *2 (S.D. Ohio Dec. 13, 2021) (citing *Sperberg*, 519 F.2d at 712). This Court sees no reason why Plaintiffs should not be required to do the same to justify *inclusion*. In short, this Court does not intend to issue blanket rulings as to the admissibility or representativeness of evidence which has yet to be identified. As such, this Court **DENIES** Plaintiffs' Motion.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion in Limine (ECF No. 179) is **DENIED WITHOUT PREJUDICE.** Plaintiffs may refile their Motion in a manner consistent with this Order.

**IT IS SO ORDERED.**

_____

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 20, 2023**